■ In the Matter of the FORECLOSURE OF TAX LIENS BY CLINTON COUNTY, Respondent. THEODORE ZACHARY, Appellant. [750 NYS2d 350] —Mercure, J.P. Appeal from an order of the County Court of Clinton County (McGill, J.), entered August 21, 2001, which, in a proceeding pursuant to RPTL article 11, denied respondent's motion to vacate a default judgment of foreclosure.

In October 2000, petitioner commenced this proceeding pursuant to RPTL article 11 to foreclose tax liens on numerous properties, including three properties owned by respondent. The combined notice and petition of foreclosure was served on respondent by certified mail on October 13, 2000. It is undisputed that the certified mailing was received and signed for by respondent's daughter. The petition gave property owners until January 19, 2001 to redeem their properties by paying the delinquent taxes with penalties and interest. Notice was given that "[i]n the event of failure to redeem or answer by any person having the right to redeem or answer, such person shall be forever barred and foreclosed of all his or her right, title and interest and equity of redemption in and to the parcels described [therein] and a judgment in foreclosure may be taken by default." Petitioner also posted notice of the foreclosure proceeding in the Clinton County Treasurer's office and in the Clinton County Courthouse and published the petition in two official newspapers in Clinton County once a week for three consecutive weeks. Upon respondent's failure to answer the petition or to redeem his properties, petitioner sought and obtained a default judgment of foreclosure, which was entered in the Clinton County Clerk's office on June 19, 2001. Petitioner did not serve respondent with a copy of the judgment or notice of its entry.

On August 14, 2001, respondent moved for an order vacating the default judgment and permitting him to redeem his properties. Petitioner opposed the motion as untimely under RPTL 1131, which provides that a motion to reopen a default in redeeming or answering "may not be brought later than one month after entry of the judgment." Rejecting respondent's assertion that the one-month period provided for in RPTL 1131 does not begin to run until the respondent is served with no-

tice of entry of the default judgment, County Court denied the motion. Respondent appeals.

We affirm. In our view, respondent's reliance on CPLR 5015 (a) (1) and 5513 (a), both of which measure the time for taking an action from the date of service of a judgment or order with notice of entry, is wholly misplaced. The simple fact is that the statutory provision at issue here, RPTL 1131, measures the time for a motion to reopen a default judgment not from the date of service, but from the date of entry of the default judgment of foreclosure, and it is undisputed that respondent took no action within the one-month period following entry of the judgment. The clear distinction between the provisions of RPTL 1131, on the one hand, and CPLR 5015 and 5513, on the other, not only fails to support respondent's claim that RPTL 1131 requires service of a default judgment of foreclosure before the one-month period begins to run, but actually works against it. Based on well-established canons of statutory construction, we may presume that the distinction was both intentional and meaningful (*see Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co.*, 90 NY2d 274, 284-285; *Pajak v Pajak*, 56 NY2d 394, 397; *see also* McKinney's Cons Laws of NY, Book 1, Statutes § 74).

Respondent's remaining contentions were not raised in County Court and are thus unpreserved for our consideration. They are found to be lacking in merit in any event.

Crew III, Spain and Kane, JJ., concur. Ordered that the order is affirmed, without costs.