■ In the Matter of the FORECLOSURE OF TAX LIENS BY CLINTON COUNTY, Respondent. TUMUSIIME FORTUNATUS, Appellant. [751 NYS2d 81] —Mercure, J. Appeal from an order of the County Court of Clinton County (McGill, J.), entered October 18, 2001, which, in a proceeding pursuant to RPTL article 11, denied respondent's motion to vacate or reopen a default judgment entered against him.

In October 2000, petitioner commenced this proceeding pursuant to RPTL article 11 to foreclose tax liens on numerous properties, including a residence owned by respondent. The combined notice and petition of foreclosure was served on respondent by certified mail, which he personally received on October 14, 2000. The petition gave property owners until January 19, 2001 to redeem their properties by paying the delinquent taxes with penalties and interest. Petitioner also posted notice of the foreclosure proceeding in the Clinton County Treasurer's office and in the Clinton County Courthouse and published the petition in two official newspapers in Clinton County once a week for three consecutive weeks. Upon respondent's failure to answer the petition or to redeem his property, petitioner sought and obtained a default judgment of foreclosure, which was entered in the Clinton County Clerk's office on June 19, 2001. Petitioner did not serve respondent with a copy of the judgment or notice of its entry.

On July 11, 2001, respondent became aware that his residence was to be sold at auction. He claims that on that day he attempted to tender the full amount of the back taxes on the property at the Clinton County Treasurer's office, but that his tender was refused. Respondent attended the subsequent auction and bid $25,750 for his property, which was the high bid therefor. On August 25, 2001, respondent moved to reopen and vacate the default judgment of foreclosure. Petitioner opposed the motion on the ground, among others, that the motion was not made within the one-month limitations period of RPTL 1131. Respondent subsequently sought to withdraw his motion and make a further motion alleging his effort to redeem his property within 30 days following the entry of the default judgment of foreclosure. County Court denied the motion and respondent appeals.

We affirm. Initially, we reject the contention that the limitations period of RPTL 1131 never commenced because of petitioner's failure to provide respondent with notice of entry of the default judgment of foreclosure. As we recently held in

*Matter of Foreclosure of Tax Liens by Clinton County* (299 AD2d 709), unlike CPLR 5015 (a) (1) and 5513 (a), RPTL 1131 measures the time for a motion to reopen a default judgment from the date of entry of the default judgment of foreclosure, and not from the date of service of the judgment with notice of entry. Further, barring a timely application and subsequent order vacating the default judgment of foreclosure, a tender of the past due taxes following entry of the judgment of foreclosure was untimely. Respondent's remaining contentions have been considered and found to be unavailing.

As a final matter, we conclude that neither party is entitled to sanctions pursuant to 22 NYCRR 130-1.1.

Cardona, P.J., Spain, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.