■ In the Matter of the FORECLOSURE OF TAX LIENS BY COUNTY OF CLINTON, Respondent. ALEXANDER TUPAZ et al., Appellants. [793 NYS2d 596]—

Mercure, J.P. Appeal from an order of the County Court of Clinton County (Ryan, J.), entered July 23, 2004, which, in a proceeding pursuant to RPTL article 11, denied respondents' motion to vacate and reopen a default judgment entered against them.

Petitioner obtained a default judgment of tax foreclosure upon two parcels of real property owned by respondents, which was

entered on February 20, 2004. On May 20, 2004, respondents moved to vacate and reopen the default judgment. The motion challenged the judgment on various legal grounds, all deriving from respondents' contention that they never received personal notice of the foreclosure proceeding as required by RPTL 1125. County Court denied respondents' motion, and they appeal.

We affirm. A motion to reopen a default judgment of tax foreclosure "may not be brought later than one month after entry of the judgment" (RPTL 1131; see Matter of Clinton County [Fortunatus], 299 AD2d 774 [2002], lvs dismissed 99 NY2d 610 [2003], 100 NY2d 574 [2003]; Matter of Clinton County [Zachary], 299 AD2d 709 [2002], lvs dismissed 99 NY2d 610 [2003], 100 NY2d 574 [2003]). Respondents do not now dispute the applicability of this statute of limitations and, clearly, their motion was made more than one month after the entry of the judgment. Accordingly, County Court properly denied the motion as time-barred. In any event, we discern no merit in respondents' arguments flowing from the fact that the signature mark appearing on the postal return receipt was illegible.

Crew III, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.