■ MAPLE TREE HOMES, INC., Appellant, v COUNTY OF SULLIVAN, Respondent, et al., Defendants. [794 NYS2d 472]—

Spain, J. Appeal from an order of the Supreme Court (Meddaugh, J.), entered May 7, 2004 in Sullivan County, which, inter alia, granted a cross motion by defendant County of Sullivan for summary judgment dismissing the complaint against it.

Plaintiffs commenced this action seeking to set aside a tax foreclosure sale of a parcel of real property located at 8 Orchard Street in the Town of Liberty, Sullivan County. Supreme Court granted a cross motion by defendant County of Sullivan for summary judgment and dismissed the complaint, prompting this appeal by plaintiff. We now affirm.

The relevant facts are not in dispute. Plaintiff acquired the parcel in January 1998. In December 1998, Mountain View Homes, Inc. purportedly acquired the parcel by a deed which ultimately proved to have been fraudulently executed. Within the new, fraudulently created chain of title, the parcel was transferred again and then encumbered by a mortgage. In February 2000, pursuant to RPTL 1122, the County filed a verified list of delinquent taxes for 1999, identifying the parcel as one of many encumbered by a lien for unpaid taxes.

In October 2001, plaintiff commenced an action against Mountain View Homes and others, alleging that the December 1998 deed was void. In conjunction with the action, plaintiff filed a notice of pendency covering the parcel. Thereafter, in November 2001, the County filed a petition and notice of fore-

closure of tax liens and, among other things, published them in two local newspapers (*see* RPTL 1123, 1124). Personal notice of the commencement of foreclosure proceedings was served on the successors in interest to Mountain View Homes, as the apparent record owners of the parcel at that juncture (*see* RPTL 1125). A judgment of foreclosure was signed in April 2002 and, in July 2002, the County conveyed the parcel to defendants Zoli Klienberger and Ruth Klienberger.

In December 2002, Supreme Court (Clemente, J.) held that the December 1998 deed to Mountain View Homes was void, restoring title to plaintiff. Thereafter, plaintiff commenced this action to set aside the foreclosure sale based on the County's failure to provide plaintiff with personal notice of the sale.

The RPTL specifically provides that when a tax foreclosure proceeding is commenced, in addition to the required public notice (*see* RPTL 1124), personal notice must be given to "each owner . . . and any other person . . . whose right, title, or interest was a matter of public record *as of the date the list of delinquent taxes was filed*" (RPTL 1125 [1] [a] [emphasis added]). Plaintiff does not claim that the County failed to comply with RPTL 1125 and concedes that, at the time the list of parcels having delinquent taxes was generated and filed, no notice of pendency or other record was filed which would have put the County on notice of plaintiff's interest. Instead, plaintiff essentially claims that RPTL 1125 is unconstitutional as applied to the facts of this case, arguing that where, as here, the tax foreclosure proceedings commenced nearly two years after the list of delinquent taxes was filed, due process required that the County give personal notice to the interested parties on record at a time closer to the sale.

We begin by noting that "[s]tatutes carry a presumption of constitutionality, imposing a heavy burden on a party trying to overcome it" (*Matter of Carpenter Tech. Corp. v Commissioner of Taxation & Fin.*, 295 AD2d 830, 834 [2002], *lv denied* 99 NY2d 501 [2002]). In the context of this real property foreclosure proceeding, due process requires " 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections' " (*Matter of McCann v Scaduto*, 71 NY2d 164, 173 [1987], quoting *Mullane v Central Hanover Bank & Trust Co.*, 339 US 306, 314 [1950]). Hence, the County's obligation was to give reasonable notice to ascertainable interested parties under the circumstances. That the owners of record were not the true owners of the parcel and, as a result, said true owners did not receive personal notice

of the proceedings, is not determinative. Indeed, the Court of Appeals has held that "there is no constitutional requirement that the owner receive personal notice of the tax sale or of expiration of the redemption period" (*Congregation Yetev Lev D'Satmar v County of Sullivan*, 59 NY2d 418, 422 [1983]; *see Botens v Aronauer*, 32 NY2d 243, 249-250 [1973], *appeal dismissed* 414 US 1059 [1973]; *Borisenok v Hug*, 212 AD2d 282, 283-284 [1995]).

Here, the list of delinquent taxes and the subsequent notice of tax delinquency were published in accordance with statutory law, and personal notice was given to all interested parties of record at that point. Moreover, plaintiff was aware, prior to the foreclosure sale, of the fraudulent conveyance and is charged with the knowledge that property taxes are regularly levied and that a default may result in a forfeiture of land (*see Congregation Yetev Lev D'Satmar v County of Sullivan, supra* at 427; *Borisenok v Hug, supra* at 284-285). As Supreme Court pointed out in its well-reasoned decision, plaintiff commenced the fraud action with knowledge that other parties had been the owners of record for almost three years, yet never attempted to determine whether the taxes had been paid on the parcel. Under these circumstances, we discern no constitutional infirmity in the County's actions.

Cardona, P.J., Crew III, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.