■ In the Matter of CHERYLANN BARNES, as Executor of WILLIAM ALEXANDER, Deceased, Appellant, v JAMES P. McFADDEN, as Treasurer of Tioga County, et al., Respondents. [809 NYS2d 241]—

---

Crew III, J. Appeal from a judgment of the Supreme Court (Tait, J.), entered February 3, 2005 in Tioga County, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to set aside a judgment of foreclosure of a tax lien.

Prior to his death, decedent was the owner of certain real property located in the Town of Spencer, Tioga County. In 1995, decedent went to live with petitioner, his daughter, and her husband in New Jersey and, from that point forward, tax notices were sent to decedent at petitioner's address. According to petitioner, she contacted respondent James P. McFadden, the Tioga County Treasurer (hereinafter respondent), on several occasions to request third-party notification of tax bills and other mailings related to decedent's property but was advised that respondent's office did not engage in third-party notifications.

Although petitioner and her husband paid the taxes on decedent's property for a number of years beginning in 1996, the taxes for 2002 and 2003 were not paid. As a result, in December 2003, respondent sent a notice of foreclosure via certified mail, return receipt requested, to decedent at petitioner's address. The record reflects that petitioner's then 16-year-old daughter signed the receipt and handed the package to decedent, who by then had been diagnosed as suffering from dementia. Decedent, who died in February 2004, apparently did not pass the foreclosure notice along to petitioner and, accordingly, the taxes remained unpaid and the property was foreclosed upon in May 2004.

Following an unsuccessful attempt to redeem the property, petitioner commenced this proceeding pursuant to CPLR article 78 seeking, among other things, to set aside the judgment of foreclosure of a tax lien. Supreme Court dismissed petitioner's application, and this appeal by petitioner ensued.

Petitioner contends that inasmuch as she repeatedly requested third-party notification of decedent's tax bills, paid the taxes on decedent's property for a number of years and was the sole beneficiary under the terms of decedent's will, she was an "interested person" for purposes of the foreclosure proceeding and, as such, was entitled to due process. For the reasons that follow, we are satisfied that the relevant due process standards were met here and, accordingly, affirm Supreme Court's judgment dismissing petitioner's application.

"It is well settled that the requirements of due process are satisfied where 'notice [is] reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objec-

tions' " (*Matter of Harner v County of Tioga*, 5 NY3d 136, 140 [2005], quoting *Mullane v Central Hanover Bank & Trust Co.*, 339 US 306, 314 [1950]; *see Kennedy v Mossafa*, 100 NY2d 1, 8-9 [2003]; *Maple Tree Homes, Inc. v County of Sullivan*, 17 AD3d 965, 966 [2005], *appeal dismissed* 5 NY3d 782 [2005]). To that end, RPTL 1125 (1) provides that when a tax foreclosure proceeding is commenced, personal notice must be given to "each owner by certified mail and any other person by ordinary first class mail whose right, title, or interest was a matter of public record as of the date the list of delinquent taxes was filed . . . [and to] any other person by ordinary first class mail who has filed a declaration of interest pursuant to [RPTL 1126] which has not expired."

Here, decedent received actual notice of the foreclosure proceeding via certified mail at petitioner's address. Additionally, respondent sent a copy of the foreclosure notice to that address via regular first-class mail, which was not returned, thereby giving rise to the presumption that such notice was in fact received (*see Franzone v Quinn*, 303 AD2d 812, 814 [2003]).[1] Moreover, the record fails to disclose that respondent knew or should have known that decedent allegedly was incompetent. Under such circumstances, the procedures utilized by respondent to provide decedent with notice of the foreclosure proceeding plainly satisfied the requirements of due process.

As to petitioner's alleged right to such notice, we note at the outset that because petitioner's interest in the property at issue did not arise until after decedent's death, she plainly was not an "interested person" within the meaning of RPTL 1125 as her interest in the property was not a matter of public record as of the date the list of delinquent taxes was filed. In this regard, the mere fact that respondent received checks from petitioner and/or her husband in payment of decedent's real estate taxes does not elevate petitioner to the status of an interested person under the statute.[2] Nor does the record reflect that petitioner ever attempted to file a declaration of interest under RPTL 1126. Additionally, although RPTL 923 (2) permits an eligible taxpayer to "request a duplicate tax statement and a duplicate

---

**1.** Respondent further averred that his office sent out courtesy notices in March 2004 giving property owners who are being foreclosed upon "one last warning" which petitioner, as executor of decedent's estate, should have received.

**2.** We note in passing that although not especially germane to our resolution of this matter, the fact that petitioner and/or her husband paid decedent's real estate taxes for a number of years only demonstrates her awareness of such obligation and the relative time frame in which payment must be tendered.

copy of any statement relative to unpaid real property taxes . . . be sent to an adult third party," such request must "be made on a form prescribed by the state board and [must] be submitted to the collecting officer of the municipal corporation in which the eligible taxpayer resides" by a specified date (*id.*). Assuming, without deciding, that decedent could have availed himself of this option, there is no indication that any such form ever was submitted requesting duplicate notification for petitioner and, in any event, a third-party's failure to receive the notice provided by RPTL 923 does not affect "the validity of the levy, collection or enforcement of such taxes" (RPTL 923 [6]). Petitioner's remaining arguments on this point, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Cardona, P.J., Mercure and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.