[810 NYS2d 565]

In the Matter of the Foreclosure of Tax Liens by COUNTY OF CLINTON, Appellant. MARTIN BOUCHARD, Respondent.

Third Department, March 9, 2006

**APPEARANCES OF COUNSEL**

*Maynard O'Connor, Smith & Catalinotto, L.L.P.,* Albany (*Robert A. Rausch* of counsel), for appellant.
*Mark A. Schneider,* Plattsburgh, for respondent.

**OPINION OF THE COURT**

SPAIN, J.

In 2004, respondent owned two commercial parcels of real property located at 8909 Route 9 and 8911 Route 9 in the Town of Chazy, Clinton County, each containing improvements. On October 8, 2004, petitioner commenced this proceeding pursuant to RPTL article 11 to foreclose a tax lien on the 8911 property due to respondent's failure to pay real property taxes. Petitioner that same day sent a combined notice and petition of foreclosure (*see* RPTL 1123 [2] [b]; 1124) via certified mail as required by RPTL 1125 (1) (a) to respondent at the mailing address listed on the town tax rolls for both properties: "8909 Rt. 9, Chazy, NY 12921." The notice gave the owner until January 14, 2005 to redeem the property by paying the delinquent taxes with penalties and interest. After the United States Postal Service (hereinafter USPS) made several delivery attempts and left notices at that address, the USPS returned the mail to petitioner as "unclaimed." Using petitioner's tax roll list, petitioner's treasurer then verified that the mailing address to which the notice and petition had been sent was correct and was the same address to which the tax bills and notices of delinquency had been sent. Petitioner also asserts that its treasurer's office sent notice via regular first class mail to three other interested parties: Albank FSB as mortgagee and Albank's successor Charter One Bank, respondent's mother, Louise LaPlante, and Robert P. Wylie, a local attorney who had represented respondent; although all denied receipt of that notice, none was

returned to petitioner.[1] Petitioner further complied with its other statutory posting and publication of notice requirements (*see* RPTL 1124). Upon respondent's failure to answer the petition or redeem the property, petitioner sought and obtained a default judgment of foreclosure, entered in the Clinton County Clerk's office on February 23, 2005.

On June 9, 2005, respondent moved in County Court, by order to show cause, to vacate and reopen the default judgment and remove his property from the upcoming scheduled tax sale and stay its sale. The motion challenged the default judgment on various grounds, including respondent's contention that he had been temporarily living out of town in October 2004 and had not received personal notice of the foreclosure notice mailed pursuant to RPTL 1125, that he had paid the Town some of the taxes on this property for the year in question and the Town returned his check with a receipt stating that the mortgagee bank had paid the taxes, and that he believed his mortgagee bank was responsible for paying the taxes.[2]

County Court issued a written decision and order granting respondent's motion to vacate and reopen the default judgment, allowed him to serve an answer, and ordered the removal of the property from the tax sale. The court agreed that petitioner had complied with all RPTL statutory notice requirements, but concluded that constitutional due process required that when the certified mail was returned as "unclaimed" to petitioner, petitioner was obligated to remail the notice to respondent by regular first class mail. The court subsequently denied petitioner's motion to reargue and renew. On petitioner's appeal from the order vacating and reopening the default judgment, we agree that a reversal is required.

A tax debtor's motion to reopen a default judgment of tax foreclosure "may not be brought later than *one month* after entry of the judgment" (RPTL 1131 [emphasis added]; *see Kennedy v Mossafa*, 100 NY2d 1, 8 [2003]; *Matter of County of Clinton [Tupaz]*, 17 AD3d 914, 915 [2005]; *Matter of Clinton County [Fortunatus]*, 299 AD2d 774, 775 [2002], *lvs dismissed* 99 NY2d 610 [2003], 100 NY2d 574 [2003]; *see also Luessenhop*

---

**1.** The record contains photocopies of envelopes with 83¢ in postage addressed to each of the four who have denied receipt. There is a postage meter stamp dated October 8, 2004 on each envelope and the return name and address on each is that of petitioner's treasurer.

**2.** There is no documentary evidence supporting respondent's affidavit nor a statement by the Town that the taxes on the parcel in question had been fully paid, nor is there any evidence of any receipt for paid taxes.

*v Clinton County, N.Y.*, 378 F Supp 2d 63, 73 [ND NY 2005]). Contrary to respondent's arguments, petitioner's failure to provide him with notice of entry of the default judgment of fore-closure does not affect or extend the statutory limitations pe-riod for motions to reopen default judgments under RPTL 1131 (*see Matter of Clinton County [Fortunatus], supra* at 774-775). As this Court previously stated, "unlike CPLR 5015 (a) (1) and 5513 (a), RPTL 1131 measures the time for a motion to reopen a default judgment from the *date of entry* of the default judg-ment of foreclosure, and not from the date of service of the judgment with notice of entry" (*id.* at 775 [emphasis added]; *see Matter of Clinton County [Zachary]*, 299 AD2d 709, 710 [2002], *lvs dismissed* 99 NY2d 610 [2003], 100 NY2d 574 [2003]; *cf.* RPTL 1137 [two-year statute of limitations for CPLR article 78 proceedings to set aside judgment of foreclosure or deed]; *Mat-ter of Harner v County of Tioga*, 5 NY3d 136, 139 [2005]; *Matter of Barnes v McFadden*, 25 AD3d 955, 957 [2006]). Thus, respondent's June 2005 motion to vacate the default judgment entered in February 2005 was untimely, requiring denial of the motion. Contrary to respondent's claims, due process does not require service of notice of entry of a default judgment on a tax debtor, "only . . . notice of 'the pendency of the action' and an opportunity to respond . . . [and not] additional notices as each step in the foreclosure proceeding [is] completed" (*Weigner v City of New York*, 852 F2d 646, 652 [2d Cir 1988], *cert denied* 488 US 1005 [1989]; *see Luessenhop v Clinton County, N.Y., supra* at 73; *Farbotko v Clinton County, N.Y.*, 168 F Supp 2d 31, 39 [ND NY 2001]).

In any event, we find that petitioner's use of certified mail to provide notice of the foreclosure action to respondent at his cor-rect and only address listed on the Town's tax rolls, combined with the fulfillment of the posting and publication requirements, satisfied the requirements of due process (*see Mullane v Central Hanover Bank & Trust Co.*, 339 US 306 [1950]; *Matter of Harner v County of Tioga, supra*; *Matter of Barnes v McFadden, supra*; *cf. Mennonite Bd. of Missions v Adams*, 462 US 791 [1983]). When a county initiates litigation against a tax debtor to fore-close tax liens and take title to the property, due process is satisfied by "notice reasonably calculated, under all the circum-stances, to apprise interested parties of the pendency of the ac-tion and afford them an opportunity to present their objec-tions" (*Mullane v Central Hanover Bank & Trust Co., supra* at 314; *see Mennonite Bd. of Missions v Adams, supra* at 795; *Mat-*

*ter of Harner v County of Tioga, supra* at 136; *Kennedy v Mossafa, supra* at 9; *Matter of Barnes v McFadden, supra*; *Maple Tree Homes, Inc. v County of Sullivan,* 17 AD3d 965, 966 [2005], *appeal dismissed* 5 NY3d 782 [2005]). This requires that the means employed by the county must be "such as one desirous of actually informing the [property owner] might reasonably adopt to accomplish [that purpose]" (*Mullane v Central Hanover Bank & Trust Co., supra* at 315). Due process is a flexible concept, and the reasonableness of a municipality's actions requires a case-by-case analysis (*see Matter of Harner v County of Tioga, supra* at 140). The fact that the certified mail—sent to the correct address—was returned as "unclaimed" after several notices were left during delivery attempts does not render petitioner's efforts at personal notice constitutionally infirm, as due process "does not mean that all risk of non-receipt must be eliminated" (*Weigner v City of New York, supra* at 649); indeed, due process does not require proof of actual receipt of notice by the property owner, only reasonably attempted actual notice, and does not require mailing by a particular method (*see Mullane v Central Hanover Bank & Trust Co., supra* at 319; *Weigner v City of New York, supra* at 649-651; *Maple Tree Homes, Inc. v County of Sullivan, supra* at 966-967; *see also Dusenbery v United States,* 534 US 161, 162 [2002]; *see e.g. Matter of Harner v County of Tioga, supra*; *Kennedy v Mossafa,* 100 NY2d 1 [2003], *supra*).

Here, unlike mail returned as "undeliverable" (*see Kennedy v Mossafa, supra* at 9), when the mail was returned to petitioner as "unclaimed," which did not connote an invalid address, petitioner could have reasonably believed that respondent was attempting to avoid notice by ignoring the certified mailings (*see Matter of Harner v County of Tioga, supra* at 141). Indeed, petitioner's subsequent verification that the notice had been sent to the correct address would support that conclusion and no further search was required (*see Kennedy v Mossafa, supra* at 10; *Luessenhop v Clinton County, N.Y.,* 378 F Supp 2d 63, 72 [2005], *supra*).

While the county in *Harner* also elected to send supplementary notice by first class mail which was not returned to the county, we do not read that decision or the underlying federal case law as imposing an obligation on counties to do so in all cases in order to be held to have discharged reasonable efforts (*see Luessenhop v Clinton County, N.Y., supra* at 72; *see also* RPTL 1125 [4] [b]; *cf. Matter of Barnes v McFadden,* 25 AD3d

955 [2006], *supra; but see Harville v County of Erie*, 148 AD2d 954, 955-956 [1989] [Green, J., dissenting]). The current due process framework recognizes no such method-of-mailing prerequisite (*see Weigner v City of New York*, 852 F2d 646, 650-651 [1988], *supra*).

Moreover, in balancing the municipality's interest in collecting delinquent taxes against the property owner's interest in receiving notice, consideration is given to the " 'conduct of the owner' " in evaluating the reasonableness of the notice efforts (*Matter of Harner v County of Tioga*, 5 NY3d 136, 140 [2005], *supra*, quoting *Kennedy v Mossafa, supra* at 11). Here, respondent reportedly was temporarily living out of town returning only every week or two in October 2004. It was during this time that petitioner's attempts at delivery of notice were made and the notices were left at his correct address. Respondent entrusted his mother, who lived next door, to collect and leave his mail inside his apartment during that period, and there is no indication that she did not inform him of the delivery attempt notices which he in fact received upon his return, albeit after the certified mail had been returned to petitioner and the postal authorities could not identify the sender when he inquired. However, "[o]wnership carries responsibilities" (*Kennedy v Mossafa, supra* at 11) and, "[a]s record owner, [respondent] bore the responsibility of updating his address [or, at least, arranging for his mail to be forwarded to his temporary out of town address] to protect his ownership interests" (*Matter of Harner v County of Tioga, supra* at 141).

Respondent's failure to receive the notices of delivery attempts does not render inadequate petitioner's efforts to provide personal notice under due process precepts. As a property owner, respondent is fairly "charged with the knowledge that property taxes are regularly levied and that a default may result in a forfeiture" (*Maple Tree Homes, Inc. v County of Sullivan, supra* at 967). Indeed, the subject premises had previously been redeemed in 2003 upon delivery of notice of foreclosure by certified mail to the same address. Thus, we find that under the circumstances of this case, petitioner's notice procedures satisfied due process.

CREW III, J.P., MUGGLIN and KANE, JJ., concur.

Ordered that the order entered June 17, 2005 is reversed, on the law, without costs, and motion denied.

Ordered that the appeal from the order entered August 5, 2005 is dismissed, as moot, without costs.