■ In the Matter of the FORECLOSURE OF TAX LIENS BY CLINTON COUNTY, Respondent. VALERIE MINER et al., Appellants. [833 NYS2d 715]—

Kane, J. Appeal from an order of the County Court of Clinton County (McGill, J.), entered June 8, 2006, which denied respondents' motion to reopen a default judgment of tax foreclosure against them.

On March 10, 2006, County Court issued a default judgment of foreclosure, pursuant to RPTL 1136, awarding petitioner possession of and title to respondents' real property based on their failure to pay taxes. On March 30, 2006, respondents moved to reopen, pursuant to RPTL 1131. The court denied the motion, resulting in respondents' appeal. Although respondents timely moved to vacate the default judgment, we affirm because they failed to proffer an excuse for their default or a meritorious defense.

RPTL 1131 states that a motion to reopen a default judgment of foreclosure may not be brought later than one month after entry of the judgment, but it does not set forth the grounds that must support such a motion. We have previously held that even though CPLR 5015 contains a longer time period in which a party must move for relief from a default judgment, the shorter time provision of RPTL 1131 applies to defaults in tax foreclosure proceedings (*see* CPLR 101; *Matter of Clinton County [Zachary]*, 299 AD2d 709, 710 [2002], *lvs dismissed* 99 NY2d 610 [2003], 100 NY2d 574 [2003]). Notably, the one-month pe-

riod was added to RPTL 1131 as a technical amendment and was intended merely as a timing device (*see* Mem of Div of Equalization and Assessment, Bill Jacket, L 1994, ch 532, at 5, 6, 14).

While it contains a specific timing provision, RPTL 1131 does not address the grounds for a motion to reopen a default judgment in tax foreclosure proceedings, making the grounds provisions of CPLR 5015 applicable (*see* CPLR 101). Respondents were therefore required to proffer a reasonable excuse for their default, as well as a meritorious defense (*see* CPLR 5015 [a] [1]; *Guariglia v Price Chopper Operating Co., Inc.*, 13 AD3d 1028, 1029 [2004]). As respondents' motion papers failed to establish any reasonable excuse or defense, the court properly denied the motion to reopen even though it was made within one month of entry of the judgment (*see Matter of County of Herkimer [Jones]*, 34 AD3d 1327, 1328 [2006]).

We will not address respondents' arguments concerning alleged defects in the notice, as these arguments were raised for the first time in their reply brief on appeal (*see Matter of Deuel v Dalton*, 33 AD3d 1158, 1159 [2006]).

Mercure, J.P., Peters and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.