■ In the Matter of the Foreclosure of Tax Liens by Proceeding in Rem Pursuant to Article 11 of the Real Property Tax Law by COUNTY OF ONTARIO, Respondent. SUSAN M. HELSER, Appellant. [900 NYS2d 524]—

Appeal from an order of the Ontario County Court (Craig J. Doran, J.), entered June 22, 2009 in a proceeding pursuant to RPTL article 11. The order denied the motion of respondent seeking, inter alia, to reopen a default judgment of foreclosure.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Supreme Court properly denied the motion of respondent seeking, inter alia, to reopen the default judgment of foreclosure in this proceeding pursuant to RPTL article 11, title 3. "A motion to reopen a default judgment of tax foreclosure 'may not be brought later than one month after entry of the judgment' " and respondent's motion, brought outside that time limitation, therefore was untimely (*Matter of Foreclosure of Tax Liens by County of Clinton [Tupaz]*, 17 AD3d 914, 915 [2005], quoting RPTL 1131).

In addition, the court properly concluded that petitioner complied with the notice provisions of RPTL 1124 and 1125 and that such compliance satisfied respondent's due process rights (*see Matter of Harner v County of Tioga*, 5 NY3d 136, 138 [2005]; *Matter of County of Clinton [Bouchard]*, 29 AD3d 79, 82 [2006]). Petitioner sent notice of the foreclosure proceeding both by certified mail and ordinary first class mail to respondent's address (*see* RPTL 1125 [1] [b] [i]). Although the certified mailing was returned by the United States postal service, petitioner had no further obligation to provide notice of the proceeding after 45 days passed and the first class mailing was not returned (*see id.*; *Harner*, 5 NY3d at 138). Upon receiving information that the postal service had a forwarding address for respondent, however, petitioner sent notice of the proceeding by certified and first class mail to the forwarding address, and again only the certified mailing was returned. Under those circumstances, petitioner was entitled to conclude that respondent was attempting to evade notice (*see Harner*, 5 NY3d at 140-141; *Bouchard*, 29 AD3d at 83). Contrary to respondent's contention, due process did not require petitioner to conduct further inquiry into respondent's whereabouts. It is undisputed that respondent was incarcerated at the time the notices were mailed, but a search of the "public record" would not have disclosed her whereabouts (RPTL 1125 [1] [e]; *see Kennedy v Mossafa*, 100 NY2d 1, 10 [2003]).

Further, knowledge that respondent was incarcerated cannot be imputed to petitioner (*see Matter of County of Sullivan [Spring Lake Retreat Ctr., Inc.]*, 39 AD3d 1095, 1096 [2007]; *cf. Robinson v Hanrahan*, 409 US 38 [1972]). "As record owner, [r]espondent bore the responsibility of updating [her] address to protect [her] ownership interests. [Her] failure to fulfill this duty does not render [petitioner's] procedures constitutionally infirm," inasmuch as petitioner fully complied with its statutory obligation to provide notice of the foreclosure proceeding (*Harner*, 5 NY3d at 141). Finally, we reject the contention of respondent that the statutory period for redemption was so short

that it deprived her of due process (*see Matter of City of Lockport [Marine Midland Bank]*, 187 AD2d 993 [1992]). Present—Martoche, J.P., Smith, Fahey, Peradotto and Green, JJ.