Fahey and Peradotto, JJ.
(dissenting in part). We respectfully dissent in part because, contrary to the conclusion of the majority, we conclude that Supreme Court erred in denying the motion of defendant William E. Struble, an innocent purchaser, for summary judgment dismissing the amended complaint against him.
As noted by the majority, defendants Frank D. Denisco and Cheryl A. Denisco obtained a loan from Aegis Lending Corporation (Aegis), which was secured by their property at 108 Duerstein Street (hereafter, property). On February 19, 2008, defendant City of Buffalo (City) filed a list of delinquent taxes with the Erie County Clerk’s Office, which included the property. Thereafter, Mortgage Electronic Registration Systems, Inc., acting as a nominee for Aegis, assigned the mortgage to Wachovia Bank, N.A. (Wachovia). The Deniscos defaulted on the mortgage and plaintiff, as the alleged successor in interest to Wachovia, commenced foreclosure proceedings by notice of pendency filed April 4, 2008.
*1663 Approximately one month later, the City filed a petition and notice of foreclosure with respect to the property. On May 20, 2008, the City mailed a copy of the petition and notice of foreclosure to affected property owners and any other persons “whose right, title or interest was a matter of public record as of February 19, 2008,” the date of the list of delinquent taxes. The City did not provide notice of the foreclosure proceeding to Aegis, the mortgagee of record with respect to the property on that date. In September 2008, the City obtained a tax foreclosure judgment and, in October 2008, it sold the property at public auction to Struble.
Approximately one year after the deed from the City to Struble was recorded, plaintiff commenced this action seeking to set aside the tax foreclosure judgment and tax sale, and to provide plaintiff with the opportunity to redeem the property. Plaintiff alleged, inter alia, that the City had a constitutional and statutory obligation to provide it with notice of the foreclosure proceeding. The City moved to dismiss the complaint against it, and Struble moved for summary judgment dismissing the complaint against him. Both the City and Struble contended that plaintiff was not entitled to notice of the tax foreclosure proceeding because it was not a record lien holder “as of the date the list of delinquent taxes was filed” (RPTL 1125 [1] [a]). Plaintiff thereafter filed an amended complaint and cross-moved for summary judgment on the amended complaint. Supreme Court denied the motions and cross motion. Plaintiff appeals, and Struble cross-appeals.
We agree with the majority that plaintiff was not entitled to personal notice of the tax foreclosure proceeding because plaintiff did not have a protected interest in the property “as of the date the list of delinquent taxes was filed” (id.; see Maple Tree Homes, Inc. v County of Sullivan, 17 AD3d 965, 966 [2005], appeal dismissed 5 NY3d 782 [2005]). At the time the City filed the list of delinquent taxes in February 2008, Aegis was the mortgagee of record. It is undisputed that the mortgage was not assigned to Wachovia, plaintiffs asserted predecessor in interest, until March 24, 2008, and that the mortgage assignment was not recorded until July 2008, some four months after the filing of the list of delinquent taxes. Thus, at the time the list of delinquent taxes was filed, plaintiff had no legal interest in the property and no right to notice of the commencement of foreclosure proceedings pursuant to RPTL 1125 (1) (a) (see Solomon v City of New York, 171 AD2d 739, 740 [1991]; Matter of Tref Realty Corp. v City of New York, 135 AD2d 862, 863 [1987], appeal dismissed 72 NY2d 833 [1988]).
*1664 We cannot agree with the majority, however, that plaintiff is entitled to assert the rights of Aegis as an alleged successor in interest to Wachovia, the assignee of Aegis, as a ground for setting aside the tax foreclosure judgment and tax sale. While plaintiff correctly recites the “common-law principle that an assignee steps into the shoes of its assignor” (Federal Fin. Co. v Levine, 248 AD2d 25, 28 [1998]; see Matter of Stralem, 303 AD2d 120, 123 [2003]), it is equally well settled that an assignee of an interest is bound by the outcome of a previously-instituted tax foreclosure proceeding (see Solomon, 171 AD2d at 741; Tref Realty Corp., 135 AD2d at 863).
RPTL 1122 (7) provides that the filing of the list of delinquent taxes “shall constitute and have the same force and effect as the filing and recording ... of an individual and separate notice of pendency pursuant to [CPLR article 65] with respect to each parcel involved in such list.” CPLR 6501, in turn, provides that a notice of pendency constitutes “constructive notice, from the time of filing of the notice only, to a purchaser from, or incumbrancer against, any defendant named in a notice of pendency ... A person whose conveyance or incumbrance is recorded after the filing of the notice is bound by all proceedings taken in the action after such filing to the same extent as a party” (emphasis added). Here, the notice of pendency was filed before Aegis assigned its interest in the mortgage to Wachovia, and thus both Wachovia and, by extension, plaintiff are bound by the foreclosure proceeding (see generally Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 6501, at 462 [“(T)he filing of a notice of pendency prevents a potential transferee or mortgagee of the property from acquiring the status of innocent purchaser for value while the action is pending”]).
We further note that plaintiff had several remedies available to it prior to entry of the judgment of foreclosure and the ensuing tax sale. First, upon obtaining an interest in the property, Wachovia and/or plaintiff could have filed a declaration of interest pursuant to RPTL 1126 (1), which provides that “[a]ny mortgagee, lienor, lessee or other person having a legally protected interest in real property who wishes to receive copies of the notices required by this article may file with the enforcing officer a declaration of interest on a form prescribed by the commissioner.” Second, plaintiff filed its own notice of pendency to foreclose the mortgage in April 2008. In connection therewith, plaintiff in all likelihood performed a title search, which would have revealed the earlier-filed notice of pendency by the City. Plaintiff then could have redeemed the property several *1665 months prior to the entry of the tax foreclosure judgment and the tax sale (see RPTL 1122 [9]).
Because plaintiff was not entitled to notice of the tax foreclosure proceedings, the court properly denied plaintiffs cross motion for summary judgment seeking to vacate the tax foreclosure judgment and to set aside the tax sale based upon lack of notice (see generally Tref Realty Corp., 135 AD2d at 863). For the same reason, however, we conclude that Struble is entitled to summary judgment dismissing the amended complaint against him inasmuch as there is no basis to set aside the City’s deed to Struble (see generally Solomon, 171 AD2d at 741). We would therefore modify the order accordingly. Present — Scudder, P.J., Smith, Centra, Fahey and Peradotto, JJ.