OPINION OF THE COURT
Timothy J. Lawliss, J.
By deed recorded in the Clinton County Clerk’s Office on October 17, 2008, Greenpoint Assets, Ltd., a corporation established under the laws of the British Virgin Islands with a mailing address of 16th Floor On Hing Building, I On King Terrace, Central Hong Kong, purchased land in the Town of Altona, County of Clinton, New York. The purchased land is identified as three separate, but contiguous, parcels on the Clinton County tax maps. Greenpoint specified its mailing address on both the recorded deed and Greenpoint’s real property transfer report filed with the deed. Greenpoint paid its 2009 real property tax bill; however, Greenpoint failed to pay its 2010 and 2011 real property tax bills with respect to the subject parcels.
On October 7, 2011, Clinton County mailed a combined notice of petition and foreclosure to Greenpoint by both first-class mail and certified mail, return receipt requested. The first-class mailing was never returned; however, the certified mail was returned with Chinese characters. At the time, the County did not seek an interpreter to translate the Chinese characters. After the instant action was commenced, at the request of the court, an individual interpreted the characters for the County. The characters translated to “No Building Located.” It appears that the County inadvertently misaddressed the October 7, 2011 mailings.
On November 15, 2011, in an effort to provide further notice, the County sent additional notices to Greenpoint, again one by first-class mail and the other by certified mail, return receipt requested. Both of these mailings were returned with Chinese characters written on the faces of the envelopes. Again, the characters were not translated at the time, but after the instant action was commenced, an individual translated the characters for the County. The Chinese characters indicated that the ad *298 dress lacked a room number and that Greenpoint could not be located at that address. The November 15, 2011 mailings were sent to the proper address specified by Greenpoint at the time of purchase.
Following the return of both mailings sent out on November 15, 2011, the County then proceeded to attempt to satisfy the posting requirements of Real Property Tax L&w § 1125 (1) (c). Only one of the three contiguous tax map parcels borders a public highway. Pursuant to the County’s past practices, the County posted the requisite notice on a telephone pole located on the northeast bounds of the parcel that bordered a public highway. It is undisputed that this notice was clearly visible from the nearest road. It is also undisputed that two of the contiguous parcels are landlocked and are not visible from any public road.
In addition, the County took several steps in an effort to identify an alternate address for Greenpoint. A member of the Clinton County Treasurer’s Office reviewed the local telephone books to determine if Greenpoint had a local number or address. The Treasurer’s Office contacted the Clinton County Real Property Office to determine if that office had any knowledge concerning an alternate address. The County filed a request of change of address verification form with the United States Postal Service. The Treasurer’s Office reviewed a list of alternative addresses that it maintained in its own files. The Treasurer’s Office reviewed documents filed in the Clinton County Clerk’s Office and noted that at the time that Green-point purchased the subject parcels, Greenpoint’s attorney’s name was not referenced on the documents filed with the County Clerk. The County Treasurer’s Office ordered and reviewed a title search to determine if any clues regarding an alternate address could be found. All of the above efforts failed to locate any address other than the address listed on the deed and the real property equalization assessment form filed with the deed.
Ultimately, the County commenced this foreclosure action and, on March 12, 2012, this court (McGill, J.) signed an order and judgment pursuant to Real Property Tax Law § 1136 (hereinafter the foreclosure judgment) which, among other things, ordered, adjudged and decreed that the motion of Clinton County for judgment of foreclosure pursuant to section 1136 of the Real Property Tax Law be granted and awarded the County possession and title to a list of real property, including the three subject tax parcels owned by Greenpoint. It is undisputed that *299 the court’s foreclosure judgment was entered in the Clinton County Clerk’s Office on March 12, 2012.
On August 8, 2012, Greenpoint moved this court by order to show cause seeking an order vacating the foreclosure judgment as it relates to Greenpoint’s parcels and dismissing the underlying complaint as it relates to Greenpoint’s parcels. In general terms, Greenpoint argues that the County failed to provide it with the notice required by article 11 of the Real Property Tax Law, and the County seized the property without providing Greenpoint due process.
Real Property Tax Law Article 11
Real Property Tax Law § 1125 (1) (a) specifies notice must be given to property owners, among others, of the commencement of foreclosure proceedings for nonpayment of taxes. The first step that the County must take is to send the requisite notice by both certified mail and ordinary first-class mail to the owners. The statute provides that the notice shall be deemed received unless both the certified mailing and the ordinary first-class mailing are returned within 45 days of the mailing. (RPTL 1125 [1] [b] [i].) Greenpoint argues that the October 7, 2011 mailings were invalid because the County failed to use Green-point’s complete and correct address. Greenpoint further argues that the November 15, 2011 mailings were ineffective because both the certified mailing and first-class mailing were returned.
Article 11 requires that in the event that both mailings are returned, the County must attempt to obtain an alternative mailing address from the United States Postal Service. (RPTL 1125 [1] [b] [i].) If an alternative address is found, the County must cause notices to be mailed to the owner at such alternative address by both certified mail and ordinary first-class mail. There is no claim in this case that the County was able to obtain an alternative address from the United States Postal Service, or by any other means. (RPTL 1125 [1] [b] [ii].)
If no alternative mailing address is found, the County must, with respect to the owner, post notice of the proceeding “on the property.” (RPTL 1125 [1] [b] [iii].) The statute provides that the posting of the notice shall be deemed sufficient if it is, among other options, attached to a vertical object such as a tree, post or stake, and plainly visible from the road. (RPTL 1125 [1] [c].) Greenpoint argues that the County failed to satisfy this requirement with respect to two of the three parcels because the posting was not “on the property.” It is undisputed that because of *300 the requirement that the posting be plainly visible from the road and two of the parcels are landlocked and not visible from any road, plainly visible posting was only physically possible on one of the parcels.
In response, the County argues, among other things, that Greenpoint’s motion to vacate the default judgment entered against Greenpoint in this action based upon a failure to comply with the statute is barred by Real Property Tax Law § 1131. The court agrees. Real Property Tax Law § 1131 reads as follows:
“In the event of a failure to redeem or answer by any person having the right to redeem or answer, such person shall forever be barred and foreclosed of all right, title, and interest and equity of redemption in and to the parcel in which the person has an interest and a judgment in foreclosure may be taken by default as provided by subdivision three of section eleven hundred thirty-six of this title. A motion to reopen any such default may not be brought later than one month after entry of the judgment.”
It is undisputed that the foreclosure judgment in this case was entered on March 12, 2012 and that Greenpoint did not move to vacate the judgment until August 8, 2012, almost five months later. There is controlling case law supporting the proposition that for a default judgment to be vacated based upon a statutory claim, the motion to vacate must be commenced within one month of the entry of the judgment. (Matter of Foreclosure of Tax Liens by County of Clinton [Tupaz], 17 AD3d 914 [3d Dept 2005]; Matter of County of Clinton [Bouchard], 29 AD3d 79 [3d Dept 2006].)
The court finds that Greenpoint’s argument that its motion is not a motion to reopen a default judgment is without merit. Clearly with respect to Greenpoint, the foreclosure judgment was a default judgment. Greenpoint did not appear to contest the action until after the foreclosure judgment was entered. There was no evidentiary hearing of any kind with respect to the Greenpoint parcels. Accordingly, the court finds that any cause of action based upon the statutory provisions of article 11 of the Real Property Tax Law is barred in this case by Real Property Tax Law § 1131.
Due Process
Notwithstanding the above finding, the State cannot take property from Greenpoint in violation of Greenpoint’s constitu *301 tional due process rights. Thus, in this action, although Real Property Tax Law § 1131 bars a cause of action based upon the statutory provisions of article 11, Real Property Tax Law § 1131 does not bar a cause of action based on an alleged due process violation.
Due process is satisfied by “notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.” (Mullane v Central Hanover Bank & Trust Co., 339 US 306, 314 [1950]; see also Jones v Flowers, 547 US 220, 223 [2006]; Oneida Indian Nation of N.Y. v Madison County, 665 F3d 408 [2d Cir 2011]; Matter of Orange County Commr. of Fin. [Helseth], 18 NY3d 634, 639 [2012]; Matter of County of Clinton [Bouchard], 29 AD3d 79, 82 [3d Dept 2006].)
Due process is a flexible concept and requires a case by case analysis. Due process does not mean that all risk of non-receipt must be eliminated nor does it require proof of actual receipt of notice by the property owner. (Matter of County of Clinton [Bouchard], 29 AD3d 79, 83 [3d Dept 2006].)
The United States Supreme Court in Jones made it very clear that merely sending a letter certified mail, return receipt requested, was insufficient notice to the landowner when that certified mail was returned as undelivered and marked “unclaimed.” (Jones v Flowers, 547 US 220, 225 [2006].) Interesting in Jones, the Supreme Court proposed two additional steps that the foreclosing officer could have pursued. First, the foreclosing officer could have mailed the foreclosing notice by regular mail and, second, the foreclosing officer could have posted a notice on the front door of the subject parcel. In this action, Clinton County essentially took both those actions. The County sent the foreclosure notice to the property owner by regular mail and the County posted a foreclosure notice at a location on a telephone post located by the road on one of the three contiguous parcels.
As described above, given that Greenpoint is a corporation of the British Virgin Islands with an address in Asia and Greenpoint did not list a buyer’s attorney at the time of purchase, the County made genuine and reasonable efforts to try to locate an alternate address in an effort to provide Green-point actual notice. Although Greenpoint can now speculate on what more the County could have done to make absolute maximum efforts, due process does not require theoretical maximum efforts. For example, obviously the County would not *302 have to send an investigator to the British Virgin Islands or Hong Kong to look for a Greenpoint representative. It is noteworthy that Greenpoint does not state whether or not it still has an office located at the address that Greenpoint specified on the deed and the real property transfer forms filed with the County.
The court finds that by sending the notice of the foreclosure action to Greenpoint by certified mail and by regular mail to the address given to the County by Greenpoint at the time of purchase, and by further posting notice on a telephone post on Greenpoint’s property and making reasonable efforts to locate an alternate address in an effort to provide Greenpoint actual notice, Greenpoint was provided with all the process that it was due. Accordingly, Greenpoint’s motion brought by order to show cause dated August 8, 2012 is hereby denied in its entirety and all temporary orders issued pursuant to said motion are hereby terminated.