# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**353**

**CA 12-01666**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF THE FORECLOSURE OF TAX LIENS
BY PROCEEDING IN REM PURSUANT TO ARTICLE 11
OF THE REAL PROPERTY TAX LAW BY COUNTY OF            MEMORANDUM AND ORDER
HERKIMER, PETITIONER-RESPONDENT;

-----------------------------------------------

MERRIANNE MOORE, RESPONDENT-APPELLANT.

---

FELT EVANS, LLP, CLINTON (JUSTIN M. NACKLEY OF COUNSEL), FOR
RESPONDENT-APPELLANT.

ROBERT J. MALONE, COUNTY ATTORNEY, HERKIMER (LORRAINE H. LEWANDROWSKI
OF COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Supreme Court, Herkimer County (Norman I. Siegel, A.J.), entered November 17, 2011. The order denied the motion of respondent to vacate a judgment of foreclosure and for other relief.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this in rem tax foreclosure proceeding pursuant to RPTL article 11, respondent appeals from an order denying her motion to vacate a judgment of foreclosure. Respondent contends that Supreme Court should have granted the motion because petitioner failed to comply with the notice requirements of RPTL 1125. We agree with petitioner, however, that respondent's motion was untimely. "A motion to reopen a default judgment of tax foreclosure 'may not be brought later than one month after entry of the judgment' " (*Matter of Foreclosure of Tax Liens by County of Clinton [Tupaz]*, 17 AD3d 914, 915, quoting RPTL 1131; *see Matter of County of Ontario [Helser]*, 72 AD3d 1636, 1637). Here, the judgment of foreclosure was entered on March 31, 2010, and respondent did not move to vacate it until September 12, 2011, nearly 18 months after it was entered. Contrary to respondent's contention, the statute of limitations set forth in RPTL 1131 applies even where, as here, the property owner asserts that he or she was not notified of the foreclosure proceeding (*see Matter of County of Schuyler [Solomon Fin. Ctr., Inc.]*, 83 AD3d 1243, 1244-1245, *lv denied* 17 NY3d 850, *rearg denied* 18 NY3d 853; *Helser*, 72 AD3d at 1637; *Matter of County of Sullivan [Spring Lake Retreat Ctr., Inc.]*, 39 AD3d 1095, 1095-1096).

In any event, we conclude that petitioner complied with the notice requirements of RPTL 1125 inasmuch as petitioner sent notice of

the foreclosure proceeding to respondent at her last known address by both certified mail and ordinary first class mail.  Although the letter sent by certified mail was returned by the United States postal service with the notations "no such street" and "unable to forward," the letter sent by ordinary first class mail was not returned.  RPTL 1125 (1) (b) (i) provides that "notice shall be deemed received unless *both* the certified mailing and the ordinary first class mailing are returned by the United States postal service within forty-five days after being mailed" (emphasis added).  If both letters are returned, the foreclosing agent "shall attempt to obtain an alternative mailing address from the United States postal service" (*id.*).  Here, because only one of the two letters was returned, petitioner was not obligated to take additional steps to notify respondent of the foreclosure proceedings (*see Helser*, 72 AD3d at 1637).

Furthermore, we note that respondent did not deny receiving actual notice of the foreclosure proceeding in the affidavit she submitted in support of her motion; instead, she averred only that notice was not provided to her "at the address of record" (*see generally Sendel v Diskin*, 271 AD2d 757, 758-759, *lv denied* 96 NY2d 707).  In addition, respondent failed to establish that she notified petitioner of her change of address, as required by RPTL 1125 (1) (d).  We therefore conclude that the court properly denied the motion.

Entered:  March 22, 2013                          Frances E. Cafarell
                                                  Clerk of the Court