Matter of Foreclosure of Tax Liens By Proceeding In Rem Pursuant To Art. 11 of The Real Prop. Tax Law By The County of Wayne Relating To The 2015 Town & County Tax (Schenk) (2019 NY Slip Op 01029)





Matter of Foreclosure of Tax Liens By Proceeding In Rem Pursuant To Art. 11 of The Real Prop. Tax Law By The County of Wayne Relating To The 2015 Town & County Tax (Schenk)


2019 NY Slip Op 01029


Decided on February 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND NEMOYER, JJ.


1224 CA 18-00066

[*1]IN THE MATTER OF THE FORECLOSURE OF TAX LIENS BY PROCEEDING IN REM PURSUANT TO ARTICLE 11 OF THE REAL PROPERTY TAX LAW BY THE COUNTY OF WAYNE RELATING TO THE 2015 TOWN AND COUNTY TAX. COUNTY OF WAYNE, PETITIONER-APPELLANT; PAUL J. SCHENK, JR., PAUL J. SCHENK, SR., AND SHIREEN SCHENK, RESPONDENTS-RESPONDENTS.






DANIEL C. CONNORS, COUNTY ATTORNEY, LYONS (ERIN M. HAMMOND OF COUNSEL), FOR PETITIONER-APPELLANT. 
FINUCANE & HARTZELL, LLP, PITTSFORD (LEO G. FINUCANE OF COUNSEL), FOR RESPONDENTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Wayne County (Daniel G. Barrett, A.J.), entered August 28, 2017 in a proceeding pursuant to RPTL article 11. The order conditionally granted respondents' motion to vacate a default judgment of foreclosure. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the motion is denied.
Memorandum: Respondent Paul J. Schenk, Jr. (Schenk) owned residential real property upon which his parents, respondents Paul J. Schenk, Sr. and Shireen Schenk (hereafter, respondent parents), held a mortgage lien. Petitioner commenced this in rem tax foreclosure proceeding pursuant to RPTL article 11 seeking to foreclose delinquent tax liens on the property. Both Schenk and the respondent parents expressly acknowledged receiving proper notice of the commencement of the foreclosure proceeding (see RPTL 1125). Schenk subsequently entered into an installment agreement with petitioner as authorized by RPTL 1184 and corresponding local law, but he thereafter failed to make any monthly installment payments and was thus in default of the agreement (see RPTL 1184 [8] [a] [i]), thereby rendering the property ineligible for withdrawal from the foreclosure proceeding (see RPTL 1138 [1] [e]). Petitioner subsequently sought and obtained a default judgment of foreclosure that was entered May 4, 2017 (see RPTL 1136 [3]). On June 13, 2017, respondents moved for, inter alia, vacatur of the judgment. Petitioner appeals from an order that granted respondents' motion by, inter alia, ordering vacatur of the judgment and cancellation of the deed conveying the property to petitioner upon proof of payment of the taxes and penalties due on the property. We reverse.
A motion to reopen a default judgment of tax foreclosure "may not be brought later than one month after entry of the judgment" (RPTL 1131; see Matter of County of Ontario [Helser], 72 AD3d 1636, 1637 [4th Dept 2010]). Here, we agree with petitioner that there is no basis to conclude that respondents were not required to bring their motion within the applicable time period. Inasmuch as respondents acknowledged receiving proper notice of the foreclosure proceeding, the record establishes that petitioner fulfilled its obligation to afford respondents due process, which "is satisfied by notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" (Matter of County of Seneca [Maxim Dev. Group], 151 AD3d 1611, 1612 [4th Dept 2017] [internal quotation marks omitted]). Contrary to respondents' contention, "due process does not require service of notice of entry of a default judgment on a tax debtor, only . . . notice of the pendency of the action and an opportunity to respond . . . [and not] additional notices as each step in the foreclosure proceeding [is] completed" (Matter of County of Clinton [*2][Bouchard], 29 AD3d 79, 82 [3d Dept 2006] [internal quotation marks omitted]; see Weigner v City of New York, 852 F2d 646, 652 [2d Cir 1988], cert denied 488 US 1005 [1989]). In addition, contrary to Supreme Court's determination, even in cases in which we have approved vacatur of a default judgment of foreclosure on the ground that courts have inherent discretionary power to vacate judgments for sufficient reason and in the interests of substantial justice, the exercise of such discretion was available to the courts upon consideration of a timely motion (see Matter of County of Genesee [Spicola], 125 AD3d 1477, 1477 [4th Dept 2015], lv denied 25 NY3d 904 [2015]; Matter of County of Genesee [Butlak], 124 AD3d 1330, 1330 [4th Dept 2015], lv denied 25 NY3d 904 [2015]; Matter of County of Livingston [Mort], 101 AD3d 1755, 1755-1756 [4th Dept 2012], lv denied 20 NY3d 862 [2013]; Matter of County of Ontario [Middlebrook], 59 AD3d 1065, 1065 [4th Dept 2009]). Here, inasmuch as respondents brought their motion more than one month after entry of the default judgment of foreclosure, the motion was untimely (see RPTL 1131), thereby requiring denial of the motion on that ground (see Matter of County of Otsego [Force], 128 AD3d 1165, 1166 [3d Dept 2015]; Matter of County of Sullivan [Fay], 79 AD3d 1409, 1410 [3d Dept 2010], lv dismissed 17 NY3d 787 [2011], rearg denied 17 NY3d 846 [2011]; Helser, 72 AD3d at 1637; Bouchard, 29 AD3d at 82).
We further agree with petitioner that the court erred in granting respondents' implicit request for an extension of time to bring the motion (see CPLR 2004). The Court of Appeals has emphasized that, " [a]s a general rule, there should be no resort to the provisions of the CPLR in instances where the [RPTL] expressly covers the point in issue' " (Matter of Westchester Joint Water Works v Assessor of the City of Rye, 27 NY3d 566, 575 [2016], quoting W.T. Grant Co. v Srogi, 52 NY2d 496, 514 [1981]; see CPLR 101). We conclude that RPTL article 11 comprehensively addresses the situation where a default judgment of foreclosure is properly obtained and the defaulting property owner seeks to reopen the default and, therefore, such property owner "may not reach outside of the RPTL to [reopen] such a proceeding" (Westchester Joint Water Works, 27 NY3d at 574). More particularly, RPTL 1131 expressly covers the point in issue here inasmuch as it provides, in unambiguous and prohibitory language, that "[a] motion to reopen any such default may not be brought later than one month after entry of the judgment" (emphasis added). To countenance resort to CPLR 2004 under these circumstances would undermine the statutory scheme established by the legislature and erode the finality of foreclosure proceedings even after a defaulting property owner has been afforded due process (see generally Matter of Commercial Structures, Inc. v City of Syracuse, 107 AD2d 1054, 1054-1055 [4th Dept 1985], lv dismissed 64 NY2d 609 [1985]). We thus conclude that the court had no authority under these circumstances to entertain respondents' untimely motion.
Entered: February 8, 2019
Mark W. Bennett
Clerk of the Court