■ VINCENT FRANZONE, Appellant, v RICHARD T. QUINN et al., Respondents, et al., Defendants. (And a Third-Party Action.) [756 NYS2d 351] —Lahtinen, J. Appeal from an order of the Supreme Court (Connor, J.), entered July 13, 2001 in Ulster County, which, inter alia, granted the motion of defendants County of Ulster and Ulster County Clerk and third-party defendant Ulster County Treasurer to dismiss the complaint.

Plaintiff challenges the procedures used by defendant County of Ulster in a tax foreclosure proceeding on real property he owned in the Town of Shawangunk, Ulster County. Plaintiff and defendant Cristina McGillicuddy purchased the property as joint tenants in 1988 for use as a vacation home. At the time they purchased the property they provided a New York City address, which was subsequently used by the County for tax notices. Plaintiff and McGillicuddy stopped paying taxes in 1995, with the exception of a partial payment made for 1999 taxes. The County commenced a tax foreclosure proceeding in 1999 for delinquent taxes from 1995 and 1996. Notices of foreclosure were published and mailed to the New York City address previously used, as well as another address in New York City listed for plaintiff and McGillicuddy. No attempt was made to pay the delinquent taxes nor was foreclosure otherwise contested and, in June 1999, a judgment was entered awarding the County possession of the property. The property was purchased by defendant Richard T. Quinn from the County at a public auction in August 1999.

In October 1999, plaintiff commenced the current action against, among others, the County and Quinn seeking to void the foreclosure and sale of the property. Quinn asserted a cross claim against the various defendants, including the County, and commenced a third-party action. After issue was joined, defendant Ulster County Clerk, third-party defendant Ulster County Treasurer and the County moved pursuant to CPLR 3211 (a) (7) to dismiss the action and Quinn's third-party action against them for failure to state a cause of action. As rele-

vant to this appeal, other motions filed by the various parties included Quinn's cross motion for summary judgment pursuant to CPLR 3212 dismissing plaintiff's complaint and plaintiff's cross motion for summary judgment. Supreme Court held, inter alia, that the documentary evidence established that the foreclosure proceeding was valid and, thus, the court dismissed plaintiff's complaint. Plaintiff appeals.

Initially, we find no merit in plaintiff's contention that Supreme Court improperly applied the analysis for a summary judgment motion to a situation where a motion to dismiss had been made by the County. Although the County's motion—the first of a series of motions by the parties—sought dismissal pursuant to CPLR 3211, it is readily apparent from the cross motions for summary judgment by Quinn and plaintiff, as well as the extensive proof submitted, that the parties "laid bare their proof" and "charted the summary judgment course" (*Singer v Boychuk*, 194 AD2d 1049, 1051 [1993], *lv denied* 82 NY2d 657 [1993]; *see Kavoukian v Kaletta*, 294 AD2d 646, 647 [2002]; *Phillips v Sollami*, 220 AD2d 946, 947 [1995]).

We turn next to plaintiff's argument that the notice by publication pursuant to RPTL 1124 was inadequate. "The purpose of the relevant statutory notice requirements is to provide the constitutionally mandated notice reasonably calculated to apprise interested parties of the pendency of the tax sale proceedings and afford them an opportunity to present their objections" (*Law v Benedict*, 197 AD2d 808, 809 [1993] [citations omitted]). Plaintiff complains that his name was misspelled in the notice as "Franzoni" rather than the correct spelling "Franzone." Since the deed to the property and the mortgage encumbering it both spelled his name "Franzoni" and the prior tax notices had used such spelling without complaint or correction from plaintiff, we find the error is entitled to no weight and does not affect the validity of the notice. Similarly, the omission of one letter from the co-owner's name, which was spelled "McGillicudy" instead of "McGillicuddy," does not render the notice inadequate. Plaintiff further argues that the failure of the notice to include front and depth footage rendered it insufficient. The notice, however, contained the acreage of the parcel, which provided sufficient notice under the circumstances (*see S.A.B. Enters. v Stewart's Ice Cream Co.*, 187 AD2d 875, 876 [1992], *lv denied* 81 NY2d 708 [1993]). While it appears that the name of the road on which the property was located was changed when plaintiff owned the property from "Indian Springs Road" to "Oregon Trail," the record reflects that plaintiff was given notice regarding both names.

Plaintiff additionally contends that the County failed to give him proper notice by mailing pursuant to RPTL 1125. "Where tax officials show, through evidence concerning the office procedures they followed in the regular course of business, that the notice and petition of foreclosure required by the RPTL was properly addressed and mailed to a party interested in the proceeding, they are entitled to a presumption that the notice was received" (*Sendel v Diskin*, 277 AD2d 757, 758 [2000], *lv denied* 96 NY2d 707 [2001] [citations omitted]). The County submitted proof that it sent by first class mail the notice and petition of foreclosure to plaintiff and McGillicuddy at not only the New York City address to which all prior tax notices had been sent, but also to an additional New York City address. Plaintiff did not submit any evidence indicating that the New York City address was not a proper address for him and he had received prior notices at such address. Indeed, he made a partial payment on a tax bill sent to such address in January 1999 and it is noteworthy that such bill included a warning that "[t]axes from a prior levy are still due. Failure to pay = loss of property." Plaintiff makes no claim that he notified the County of a change of his address and, thus, the County was "entitled to rely upon the record information" regarding his address (*Keiser v Young*, 181 AD2d 170, 173 [1992], *lv denied* 80 NY2d 761 [1992]; *see Matter of 380 Front St. No. 20 Corp. v County of Dutchess*, 264 AD2d 739 [1999]). The County submitted sufficient proof of proper mailing to give rise to a presumption that the notice was received and plaintiff's proof, which does not rise above the level of a mere conclusory denial of receipt, was insufficient to rebut the presumption (*see Sendel v Diskin*, *supra* at 758-759).

Mercure, J.P., Crew III, Spain and Kane, JJ., concur. Ordered that the order is affirmed, with one bill of costs.