■ In the Matter of the Foreclosure of Tax Liens by COUNTY OF SULLIVAN, Respondent. SPRING LAKE RETREAT CENTER, INC., Appellant. [835 NYS2d 482]—

Carpinello, J. Appeal from an order of the County Court of Sullivan County (LaBuda, J.), entered June 6, 2006, which, in a proceeding pursuant to RPTL article 11, denied respondent's motion to vacate and reopen a default judgment entered against it.

This appeal arises out of a tax lien foreclosure proceeding initiated by petitioner pursuant to the provisions of RPTL article 11. By order to show cause dated May 16, 2006, respondent, the owner of record of the subject real property, acknowledged that the 2004 and 2005 real property taxes had not been paid but nonetheless sought relief from a February 27, 2006 judgment of foreclosure vesting title to the premises in petitioner based upon its default. County Court denied the relief, prompting this appeal by respondent. We affirm.

A motion to reopen a default in a proceeding of this type must be brought within one month after the entry of judgment

(*see* RPTL 1131; *Matter of County of Clinton [Bouchard]*, 29 AD3d 79, 81 [2006]; *Matter of County of Clinton [Tupaz]*, 17 AD3d 914, 915 [2005]). Since the instant application was beyond the statutory time period, County Court properly denied the relief sought. Assuming, arguendo, that we were able to reach the merits of the arguments raised by respondent, we would nonetheless find them without merit.

Although respondent relocated its offices outside of the country, it never notified the taxing authorities of its new mailing address until November 2005. As it is incumbent upon property owners to notify tax authorities of address changes (*see* RPTL 1125 [1] [d]; *Matter of Harner v County of Tioga*, 5 NY3d 136, 141 [2005]; *Matter of County of Clinton [Bouchard]*, *supra* at 84), and as petitioner followed the exact procedure sanctioned by the Court of Appeals in *Matter of Harner v County of Tioga* (*supra*), including the mailing of the requisite notice by certified and regular mail* at the address contained on the tax rolls at the time of the commencement of the proceeding, respondent was not deprived of its property without due process.

Respondent's argument that its November 2005 notice to the town assessor of its new mailing address required petitioner to send notice of these proceedings to that address fails for two reasons. First, this notification came after the commencement of this proceeding. Second, notification to the town assessor is not automatically imputed to petitioner (*see Sendel v Diskin*, 277 AD2d 757, 760 [2000], *lv denied* 96 NY2d 707 [2001]; *Keiser v Young*, 181 AD2d 170, 174 [1992], *lv denied* 80 NY2d 761 [1992]).

Mercure, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.

---

* Here, as in *Matter of Harner v County of Tioga* (*supra*), the certified mail was returned unclaimed, but the first class mail was not.