JENNIFER M. STOCKWELL, Individually and as Administrator of the Estate of ROBERT R. STOCKWELL, Deceased, and as Parent and Guardian of KEVIN STOCKWELL and Others, Infants, Appellant, v TOWN OF NEW BERLIN, Appellant, and MASON G. WHITE et al., Respondents. [893 NYS2d 710]—

Stein, J.

This action stems from a tragic accident which occurred at approximately 5:30 A.M. when decedent's vehicle plunged into a large gap in the roadway that had torn open. Defendant Town of New Berlin in Chenango County had recently performed

repair work on a culvert in the area and plaintiff alleged that the Town was negligent in performing such work. Plaintiff further alleged that defendants Mason G. White and Allen White (hereinafter collectively referred to as defendants) were negligent in their maintenance of an earthen dam* which gave way, allegedly causing the downstream culvert and roadway, that were approximately 200 yards away, to wash out. Defendants moved for summary judgment dismissing the claim against them. Supreme Court granted defendants' motion and plaintiff and the Town now appeal.

We reverse. In support of their motion, defendants alleged— and it is undisputed—that the area had received significant amounts of rainfall and that other roads in the area had also washed out or been damaged prior to decedent's accident. Defendants further alleged that their dam could not have been the cause of the roadway's collapse, as the dam did not collapse until several hours after decedent's accident. As a landowner, any person who owns a dam or other structure that impounds waters must operate and maintain said structure in a reasonably safe manner (see 532 Madison Ave. Gourmet Foods v Finlandia Ctr., 96 NY2d 280, 290 [2001]; Basso v Miller, 40 NY2d 233, 241 [1976]). Since there is no evidence here that defendants' dam was designed for flood control purposes, defendants had "the right to let nature take its course, i.e., the right to permit flood waters to go over [their] dam [so long as] the volume of water cast into the channel below the dam [did] not exceed the volume coming in above the dam" (Iodice v State of New York, 277 App Div 647, 649-650 [1951], affd 303 NY 740 [1951]). However, defendants are not relieved of liability if their dam failed due to their negligent maintenance or operation and this failure resulted in water being released at a faster rate than would have flowed naturally, which proximately caused decedent's death (see id. at 649-650; see also Briggs v Chapman, 30 AD3d 923, 924 [2006]).

In order to determine whether defendants were negligent and, if so, whether such negligence contributed to decedent's injuries, further discovery is required to more fully develop the record to include, among other things, information concerning the design and maintenance of the dam, which is within the

---

* Defendants maintain that the structure in question was not a dam, but they admit that it was intended to define the bank of the adjacent pond and was used as a driveway to access their barn. In addition, the structure contained a spillway that allowed excess water from the pond to be released, while also impounding water up to the level of the spillway. While we make no legal determination as to whether the structure is a dam, as it is not integral to our determination on this appeal, we shall refer to it as a dam herein.

exclusive knowledge of defendants (*see Sorbello v Birchez Assoc., LLC*, 61 AD3d 1225, 1227 [2009]; *Reohr v Golub Corp.*, 242 AD2d 850, 851 [1997]). Inasmuch as defendants' motion was brought before plaintiff and the Town had an opportunity to conduct such discovery, the motion should have been denied or held in abeyance (*see* CPLR 3212 [f]).

However, even if determination of defendants' motion was not premature, plaintiff and the Town have raised triable questions of fact concerning why and when the dam failed (*see* CPLR 3212 [b]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324, 326 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1068 [1979]). In opposition to the motion, the Town submitted the affidavit of Daniel Neilsen, the Town's Highway Superintendent, who averred that, when he arrived at the scene of decedent's accident at 6:30 A.M., the force and speed of the water from the pond had eroded the top portion of defendants' dam. In addition, plaintiff testified that one of the defendants informed her that they had heard something the previous night, from which she inferred that he was referring to the dam giving way. Taken together and giving plaintiff every favorable inference (*see Gadani v Dormitory Auth. of State of N.Y.*, 43 AD3d 1218, 1219 [2007]; *Tenkate v Tops Mkts., LLC*, 38 AD3d 987, 989 [2007]), this evidence contradicts defendants' allegations as to the condition of the dam at the time of decedent's accident and creates a question of fact as to whether its erosion and collapse were a proximate cause of decedent's accident (*see Negri v Stop & Shop*, 65 NY2d 625, 626 [1985]; *Lynch v Liberty Mut. Fire Ins. Co.*, 58 AD3d 939, 942 [2009]; *Tenkate v Tops Mkts., LLC*, 38 AD3d at 989; *Goff v Clarke*, 302 AD2d 725, 727 [2003]). Accordingly, defendants' failure to offer any proof of lack of negligence on their parts is also fatal to their motion.

Cardona, P.J., Spain, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and motion denied.