■ RAYMOND W. STORMES et al., Respondents, v UNITED WATER NEW YORK, INC., et al., Appellants. [901 NYS2d 707]—

In an action to recover damages for personal injuries and property damage, the defendants appeal from an order of the Supreme Court, Rockland County (Kelly, J.), dated August 27, 2009, which denied their motion for summary judgment, in effect, declaring that they had no flood prevention, control, or mitigation duties, and dismissing all claims in the second amended complaint based upon the allegation that they had such duties.

Ordered that the order is affirmed, with costs.

The defendants own and operate the Lake DeForest Dam and Reservoir in New York and the Lake Tappan Dam and Reservoir in New Jersey, both of which impound the water flow of the Hackensack River. A predicted rainstorm on April 15 and 16, 2007, contributed to significant downstream flooding of the plaintiffs' properties. The plaintiffs commenced the instant action alleging, inter alia, that the defendants failed to prerelease the drinking water stored in the subject dams/reservoirs in anticipation of the rainstorm so as to mitigate or eliminate flooding downstream, and that the defendants' negligent maintenance and operation of the dams/reservoirs caused water to be released downstream in a greater amount than would have been released naturally if the dams/reservoirs had not been built. The defendants moved for summary judgment, in effect, declaring that they had no flood prevention, control, or mitigation duties, and dismissing all claims in the second amended complaint based upon the allegation that they had such duties, since the dams/reservoirs were constructed for water storage and not for flood control purposes. The plaintiffs conceded that the dams/reservoirs were built for water storage purposes, but argued, among other things, that the defendants had a corresponding duty not to worsen the flood conditions beyond that which would have occurred naturally. The Supreme Court denied the defendants' motion on the ground that a triable issue of fact had been raised by the plaintiffs as to whether the dams/reservoirs made the flood conditions worse than would have occurred naturally.

The defendants failed to establish their entitlement to summary judgment, in effect, declaring that they had no flood prevention, control, or mitigation duties, and dismissing all claims in the second amended complaint based upon the allegation that they had such duties (*see Iodice v State of New York,* 277 App Div 647 [1951], *affd* 303 NY 740 [1951]). Since there is

no evidence that the defendants' dams-reservoirs were designed for flood control purposes, the defendants had the right to let nature take its course, i.e., the right to permit flood waters to go over the dams/reservoirs so long as the volume of water cast into the channel below did not exceed the volume coming in above the dams/reservoirs (*id.*; *see also Stockwell v Town of New Berlin*, 69 AD3d 1266 [2010]; *Allen v City of New York*, 49 AD3d 1126 [2008]). The *Iodice*, *Allen*, and *Stockwell* Courts did not carve out a blanket rule, however, that so long as the dams/reservoirs were built for water supply storage purposes, the owner never has a duty to regulate or minimize the outflow of water therefrom. Thus, while it is undisputed that the dams/reservoirs were built for water supply storage purposes, the defendants failed to establish that the flooding of the plaintiffs' property was no greater than it would have been if the river had flowed naturally, or, in other words, that the flood damage would have occurred regardless of the presence of the dams/reservoirs (*see Iodice v State of New York*, 277 App Div 647 [1951]).

In light of our determination, we need not reach the plaintiffs' contentions with respect to the additional grounds for denying the defendants' motion for summary judgment (*see Preferred Mut. Ins. Co. v Pine*, 44 AD3d 636 [2007]). Dillon, J.P., Balkin, Belen and Lott, JJ., concur.