■ In the Matter of the Foreclosure of Tax Liens by COUNTY OF SULLIVAN. COUNTY OF SULLIVAN, Appellant; YONG TUK YUN, Respondent. [920 NYS2d 450]—

Garry, J.

Petitioner commenced this real property tax foreclosure proceeding against respondent, among others, due to his failure to pay real property taxes levied for 2007 on his 50-acre parcel of unimproved land in the Town of Tusten, Sullivan County. It

is undisputed that respondent did not pay the 2007 taxes, that petitioner complied with all applicable notice and procedural requirements (*see generally* RPTL art 11), and that respondent actually received the notice and petition of foreclosure in October 2008. Respondent, whose command of the English language is limited, did not open the notice. Although he had previously obtained assistance from a friend in translating his mail, he did not seek assistance in this instance; instead, he testified that he disregarded the notice, believing it to be a "bill letter," and shortly thereafter departed for a lengthy business trip in Korea, leaving no forwarding address.

In February 2009, a default judgment of foreclosure was entered. Upon respondent's return from Korea in early June 2009, he opened a letter from petitioner dated March 2, 2009, advising him that petitioner had acquired title to the property and that it would be sold at auction on June 10, 2009 if he did not pursue petitioner's repurchase option program. Respondent immediately moved to enjoin petitioner from proceeding with the auction and to vacate the default judgment. County Court issued an order staying the auction. After a hearing, the court granted respondent's motion to vacate the default judgment, directed respondent to make payment to petitioner, and required petitioner to reconvey the property to respondent. Petitioner appeals.

Respondent's motion to vacate the judgment of foreclosure was untimely, as such a motion "may not be brought later than one month after entry of the judgment" (RPTL 1131; *see Matter of County of Sullivan [Fay]*, 79 AD3d 1409, 1410 [2010]; *Matter of County of Clinton [Bouchard]*, 29 AD3d 79, 81 [2006]; *Matter of Foreclosure of Tax Liens by County of Clinton [Tupaz]*, 17 AD3d 914, 915 [2005]). Further, respondent failed to demonstrate either a reasonable excuse for his default or a meritorious defense, both of which are required (*see Matter of Village of Fleischmanns [Delaware Natl. Bank of Delhi]*, 77 AD3d 1146, 1148 [2010]; *Matter of Clinton County [Miner]*, 39 AD3d 1015, 1016 [2007]). Respondent concedes that his delay in responding to the notice and petition did not result from any failure on petitioner's part. Indeed, the default was caused by respondent's failure to take appropriate action upon receiving the notice and petition in October 2008 and, subsequently, to make arrangements for handling his mail while he was out of the country. Respondent was aware of his obligation to pay taxes on the property, and that taxes remained unpaid. He had paid taxes for one year at the County Treasurer's office in May 2008; although he later testified that he was confused as to whether that payment

was applied to the 2007 or 2008 tax bill, he knew, at minimum, that he had not made full payment. Respondent also knew that the October 2008 notice and petition pertained to this unpaid obligation. "Ownership carries responsibilities" (*Kennedy v Mossafa*, 100 NY2d 1, 11 [2003]), and respondent was responsible for protecting his ownership interests and chargeable with notice that failure to pay his taxes could result in foreclosure (*see id.*; *Matter of County of Clinton [Bouchard]*, 29 AD3d at 84).

Accordingly, given petitioner's compliance with its statutory responsibilities, the untimeliness of respondent's motion, and his failure to establish his entitlement to vacatur, County Court erred in granting respondent's motion to vacate the default judgment (*see generally Matter of County of Sullivan [Spring Lake Retreat Ctr., Inc.]*, 39 AD3d 1095 [2007]; *compare Matter of County of Ontario [Middlebrook]*, 59 AD3d 1065 [2009]).

Lahtinen, J.P., Kavanagh and McCarthy, JJ., concur. Ordered that the order is reversed, on the law, without costs, and motion denied.