10-4925-cv
Elliott v. City of N.Y.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of September, two thousand twelve,

Present:      ROSEMARY S. POOLER,
              BARRINGTON D. PARKER,
              RICHARD C. WESLEY,
                        *Circuit Judges.*

_____

BARBARA MEI ELLIOTT, BRENDAN ELLIOTT, RICHARD P. O'LEARY, JOAN G. O'LEARY, JAMES A. BALLARD, WERNER BANTIN, INGRID BANTIN, DOROTHY BOYLE, CHARLES BOYLE, JOSEPH BRANCATO, LINDA BRANCATO, HELEN BRITTON, JOSEPH CAPIRICHIO, PATRICK F. CAREY, GESMONDA CASAZZA, ROBERT R. CASE, MARY T. CHAIN, LAWRENCE CONKLIN, CLIFFORD COOPER, DIANA COOPER, SALVATORE CRIMANDO, LAURIE CRIMANDO, BRAD CRONK, JASON CSENCSITS, BROOKE CSENCSITS, NANCY DALLAVERDE, ANN DALY, HUGH DELANEY, VINCENT DIMAGGIO, SHEILA DIMAGGIO, PATRICK J. DOCKERY, MARSHA DOLES, PETER DOROSZ, NATALKA DOROSZ, ELFRIEDE EBNER, KENNETH J. EDWARDS, LYNNE EDWARDS, BARBARA FEINBERG, RAYMOND FERNEKES, ELIZABETH FERNEKES, JOSEPH FLYNN, BERNICE FLYNN, VINCENT C. GALLIGAN, KATHLEEN GALLIGAN, HELEN V. GARRITY, DANIEL J. GRUSZ, ROBERT HAHN, ALICE HAHN, LILLIAN HARPER, CHARLES HILDERBRANDT, MAUREEN HILDERBRANDT, GEORGE HOROS, JANE HOROS, MARK HOUSE, PAM HOUSE, LORRAINE HOWELL, WILLIAM HOWELL, CRAIG W. HURTAK, KAREN INNIELLA, LOUIS INNIELLA, DOMINICK IOCCO, ELAINE IOCCO, ROBERT JONES, BOB

KEENER, TOM KIERNAN, PAT KIERNAN, RICHARD KING, DARLENE STOFFEL, DOUGLAS A. KIRK, FRED A. KURZROCK, JAMES KURZROCK, VICTORIA KURZROCK, JOAN L. KURZROCK, THERESA KUTZLER, TED KUYKENDALL, GEORGINA KUYKENDALL, STEVEN LASCH, CHERYL LEE, VIRGINIA LEITH, WILLIAM T. LLOYD, EDWARD LUKAS, LOUISE LUKAS, WILLIAM MARION, SR., DOUGLAS MARTIN, ROBERT MAY, EUNICE MAY, WILLIAM T. MCCUE, LARISA MCCUE, GERALD MCDERMOTT, MARIE MCDERMOTT, JOHN J. MCINTYRE, ROBERT C. MCMILLEN, JR., LINDA MENYHART, KURT MEYER, OLY MEYER, DENNIS J. MORAN, GLORIA MORAN, TIM MOUL, CAROL MOUL, DONALD MOYSON, VIRGINIA MOYSON, JOHN MULVEY, MYRON MYRON, LESTER R. NEWELL, NEVERSINK RIVER CAMPGROUND, INC., C/O JULIA DOUGLAS, SECRETARY, DAVE NORTON, JANE NORTON, MICHAEL O'LEARY, CHRISTINE O'LEARY, RICHARD A. O'LEARY, KRISTINE O'LEARY, TIM O'LEARY, ROBERT OSTROM, DEBBIE PALLAS, JOHN H. ROBB BRIGHTON, ALBERTA BRIGHTON, ANTHONY ROUSSOS, CHRISTINE ROUSSOS, MICHAEL RUEF, SALVATORE C. RUSSO, CHRISTOPHER SCHAEFER, MARCIA SCHAEFER, KEVIN L. SCHOOMAKER, EDWIN SIWARSKI, PETER SLIKER, MARILYN J. SPERBER, KEVIN STEWARD, MONICA STEWARD, DOUGLAS STORMS, TRICIA STORMS, GERILYN TAINSKY, ROLAND TAMADGE, VERONICA TALMADGE, DEREK TOLLESON, NANCY TOLLESON, MICHAEL T. VALENTIA, JEROME VANDEMARK, BRIAN VAN DERVEER, TERRANCE VAN STRANDER, AGNES VAN STRANDER, WILLIAM VERNI, DEBBIE WALSH, WILLIAM J. WILLIAMS, ROBERT J. ZELLER, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, ALEXANDER BELANCHUK, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, YEVGENIYA BLOKN, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, DOREEN COHEN, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, MARVIN COHEN, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, MARILYN FEINBERG, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, ROBERT FEINBERG, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, JULIA FRIEDMAN, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, MATSYUK GALINA, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,

FELIX GNYP, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, VALENTINA GNYP, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, TAMARA GOLDIN, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, VLADIMIR GOLDIN, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, LEONID GOLDSHMIDT, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, OLGA GOLDSCHMIDT, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, MIKHAIL GUSEV, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, BORIS KAPALYUS, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, EFIM KARASIK, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, TATYANA KITAYCHIK, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, FAINA KRASOV, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, VLADIMIR KRASOV, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, POLINA KRUGRIK, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, GALINA KUSIN, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, IOSIF KUSIN, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, LOUIS LEVY, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, ZOIRADA NEGRON, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, MICHAEL OWEN, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, TAMMY OWEN, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, LEONARD E. POLIKOFF, BORIS ROZENTSVYGE, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, CAROL SCHOENLEBER, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, HARRY SOMMERS, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, BORIS TABOROVSKY, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, LYUDMILA TABOROVSKY, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, BELLA TREYGAR, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, JEFF TREYGAR, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,

ROSE WEISS, ON BEHALF OF THEMSELVES AND ALL
OTHERS SIMILARLY SITUATED,

*Plaintiffs-Appellants*,

-v-                                                                    10-4925-cv

CITY OF NEW YORK, & ITS AGENCIES & BUREAUS
INCLUDING WITHOUT LIMITATION, CITY OF NEW YORK
DEPARTMENT OF ENVIROMENT PROTECTION,

*Defendants-Appellees*.

_____

Appearing for Appellants:    Steven J. Spiegel, Spiegel & Jones, LLP, Florida, N.Y.

Appearing for Appellees:    Norman Corenthal, *Assistant Corp. Counsel* (Scott C. Gleason,
                            Kristin M. Helmers) *for* Michael A. Cardozo, Corporation Counsel
                            of the City of New York, New York, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of
New York (Patterson, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,
AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiffs appeal from the district court's award of summary judgment in favor of
defendants (referred to collectively as the "City"). We assume the parties' familiarity with the
underlying facts and specification of issues for review.

We conclude that the district court properly granted summary judgment in favor of the
City on the ground that plaintiffs lacked standing, under Article III of the U.S. Constitution, to
bring their Endangered Species Act 16 U.S.C. § 1540(g)(1)(A) claim. Plaintiffs did not raise a
genuine issue as to whether they would suffer any injury if the population of dwarf wedge
mussels was further depleted. Thus, they made no showing that an injunction barring the City
from causing any further harm to the mussels would redress their alleged injury.

The mere fact that plaintiffs live in close proximity to the threatened species does not
itself give rise to a cognizable claim for constitutional standing. *Cf. Lujan v. Defenders of
Wildlife*, 504 U.S. 555, 562-63 (1992) ("[T]he desire to use or observe an animal species, even
for purely esthetic purposes, is undeniably a cognizable interest for purpose of standing.").

The district court properly granted summary judgment on plaintiffs' negligence claims
against the City. Plaintiffs' claim that New York law imposes a duty on all owners and operators
of dams to protect downstream residents fails as a matter of law. *See Iodice v. State*, 102

4

N.Y.S.2d 742 (4th Dep't 1951), *aff'd*, 303 N.Y. 740 (1951). *Iodice* determined that there is no duty to use a dam that is built to create a reservoir for drinking water to also control floods downstream. *See id*. at 744. Instead, the standard is that "a dam owner has the right to let nature take its course, i.e., the right to permit flood waters [to] go over his dam where the volume of water cast into the channel below the dam does not exceed the volume coming in above the dam." *See id*. The dam owner is not liable for downstream damage as long as it does not increase the flow of water from the dam beyond its natural flow. New York courts have reaffirmed this principle. *See Allen v. City of New York*, 855 N.Y.S.2d 279, 281 (3d Dep't 2008); *see also Stormes v. United Water New York, Inc.*, 901 N.Y.S.2d 707, 709 (2d Dep't 2010). Here, the City did not increase the flow of water over the spillway beyond that which is incurred naturally as a result of the storms in question. Plaintiffs conceded that the City's damn actually attenuated the flooding. The district court correctly granted summary judgment on plaintiffs' negligence claims. The City owed no duty to plaintiffs.

Plaintiffs' remaining arguments are without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk