Stein, J.
Appeal from an order of the County Court of Sullivan County (McGuire, J.), entered September 29, 2011, which granted defendants’ motion to dismiss the complaint.
Plaintiffs, Nancy Lin and Thomas Lin, are siblings who owned a parcel of real property in Sullivan County as tenants in common. In November 2010, defendant County of Sullivan commenced an in rem tax foreclosure proceeding on the subject property pursuant to RPTL article 11. County Court thereafter granted the County’s motion for a default judgment and ordered, among other things, that the property be transferred to the County.
In June 2011, plaintiffs commenced this action against the County and defendant Ira Cohen, as Sullivan County Treasurer, by order to show cause seeking, among other things, to set aside the tax foreclosure deed. Plaintiffs contended that Thomas Lin was never made a party to the tax foreclosure proceeding because, although he was an owner of public record on the relevant date, his name was not contained in the list of delinquent tax parcels attached to the petition and he was, therefore, not included in the list of owners in the petition and notice of foreclosure. The complaint, verified by Thomas Lin, also alleged that plaintiffs did not receive notice of the foreclosure proceeding as required under RPTL 1124 and 1125. In lieu of answering, defendants moved to dismiss the complaint pursuant to, among other things, CPLR 3211 (a) (7). The court granted defendants’ motion, over plaintiffs’ opposition, and plaintiffs now appeal.
We affirm. When ruling on a motion to dismiss pursuant to CPLR 3211 (a) (7), it is well settled that “the criterion is *1077 whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one” (Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; see Leon v Martinez, 84 NY2d 83, 88 [1994]). Thus, “[affidavits and other evidentiary material may be considered to ‘establish conclusively that [the] plaintiff has no cause of action’ ” (Allen v City of New York, 49 AD3d 1126, 1127 [2008], lv denied 11 NY3d 705 [2008], quoting Rovello v Orofino Realty Co., 40 NY2d 633, 636 [1976]; see Wilhelmina Models, Inc. v Fleisher, 19 AD3d 267, 268-269 [2005]). We also note that “tax foreclosure proceedings enjoy a presumption of regularity and any party challenging a deed issued as a result thereof has the burden to ‘affirmatively establish’ a defect in the proceeding” (Sendel v Diskin, 277 AD2d 757, 758 [2000], lv denied 96 NY2d 707 [2001]; see RPTL 1134, 1137; Matter of Village of Fleischmanns [Delaware Natl. Bank of Delhi], 77 AD3d 1146, 1147 [2010]).
Here, defendants established through documentary evidence that plaintiffs were provided with the notice to which they were entitled pursuant to RPTL article 11. In support of their motion, defendants submitted, among other things, a copy of the notice and petition of foreclosure, Cohen’s affidavit in connection with the motion to dismiss and his affidavit of regularity in the foreclosure proceeding, a list of delinquent 2009 taxes, a revised list of delinquent 2009 taxes, relevant portions of the 2008 and 2009 tax assessment rolls, the affidavits of Nancy Buck (the Deputy County Treasurer) and Eric Bradley (a mail room employee of the County of Sullivan Department of Central Services) as to the mailing of the petition and notice of foreclosure, the affidavit of Cohen as to the filing and posting of the petition and notice of foreclosure, and a copy of a certified mail envelope addressed to both plaintiffs and marked as returned to defendants.
We first address plaintiffs’ contention that the deed was defective because the list of delinquent taxes attached to the petition did not contain Thomas Lin’s name. RPTL 1122 requires, in pertinent part, that the list of delinquent taxes contain the names of the owners of each parcel as appearing on the tax roll (RPTL 1122 [6] [b]) and provides that the filing of the list operates as notice of pendency pursuant to CPLR article 65 (see RPTL 1122 [6] [b]; [7]). The purpose of a notice of pendency is to give notice of the pendency of the action to all who take a subsequent interest in the realty (see CPLR 6501), not to provide personal notice to the owners of such property. Additionally, we are of the view that, because the list attached to the notice and petition properly identifies the property and includes the name *1078 of at least one of its two owners of record, the mere failure to include the name of the other owner is not fatal to this in rem foreclosure proceeding, so long as the requirements of personal notice to both owners have been met.[1]
Significantly, plaintiffs’ argument that defendants failed to provide adequate personal notice of the commencement of the foreclosure proceeding pursuant to RPTL 1125 is contradicted by the record. Defendants were required to serve notice by certified and ordinary first class mail upon the owner whose interest was a matter of public record on the date the list of delinquent taxes was filed pursuant to RPTL 1122 (see RPTL 1125 [1]; Kennedy v Mossafa, 100 NY2d 1, 9 [2003]; Matter of County of Schuyler [Solomon Fin. Ctr., Inc.], 83 AD3d 1243, 1245 [2011], lv dismissed 17 NY3d 850 [2011]). Such notice is “deemed received unless both the certified mailing and the ordinary first class mailing are returned by the [post office] within forty-five days after being mailed” (RPTL 1125 [1] [b] [i]).
Here, Buck’s affidavit alleges, among other things, that, on November 23, 2010, a copy of the petition and notice of foreclosure, with the list of properties annexed thereto, was sent by certified and first class mail to “the last known address of the owners and every other person whose right, title, or interest was a matter of public record as of the date the List of Delinquent Taxes was filed, whose names and addresses were reasonably ascertainable from the public record.”[2] Defendants further established that the required notices were addressed to both plaintiffs at the address listed on the final tax roll, the accuracy of which plaintiffs do not actually dispute.[3] The certified mailing was returned to defendants on February 16, 2011— *1079 approximately 87 days after it was mailed — inexplicably marked “Attempted — Not Known”; the first class mailing was never returned. Thus, the petition and notice of foreclosure — with the attached list of delinquent tax parcels clearly identifying the property and containing the name of Nancy Lin — is presumed to have been received by both plaintiffs (see RPTL 1125 [1] [b]; 1134; Kennedy v Mossafa, 100 NY2d at 6, 9, 10), and the denial of receipt of such notice, alone, is insufficient to rebut that presumption (see Franzone v Quinn, 303 AD2d 812, 814 [2003]; Sendel v Diskin, 277 AD2d at 758).
Additionally, Cohen’s affidavit states that he caused the original petition and notice of foreclosure to be filed in the Sullivan County Clerk’s office and that he caused a copy thereof to be posted in accordance with the RPTL. The fact that the name of an owner of real property is listed incorrectly or omitted from a publication does not warrant invalidation of a tax foreclosure deed (see Franzone v Quinn, 303 AD2d at 813), especially where, as here, the personal notice requirements of RPTL 1125 have been satisfied (see Law v Benedict, 197 AD2d 808, 810 [1993]). Thus, even accepting as true plaintiffs’ allegation that the public notice failed to conform to the requirements of RPTL 1124 because it did not contain Thomas Lin’s name, such allegation would not support their claim to set aside the deed.
Based on the foregoing, we are satisfied that defendants demonstrated plaintiffs’ receipt of “ ‘notice reasonably calculated, under all the circumstances, to apprise [them] of the pendency of the action and afford them an opportunity to present their objections’ ” (Matter of County of Clinton [Bouchard], 29 AD3d 79, 82 [2006], quoting Mullane v Central Hanover Bank & Trust Co., 339 US 306, 314 [1950]; see Matter of Hamer v County of Tioga, 5 NY3d 136, 140 [2005]; Matter of County of Broome, 50 AD3d 1300, 1301 [2008]). Inasmuch as “the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law” (Leon v Martinez, 84 NY2d at 88) and it cannot be said that plaintiffs have a cause of action, Supreme Court properly granted defendants’ motion to dismiss the complaint (see Allen v City of New York, 49 AD3d at 1127).
We have examined plaintiffs’ remaining contentions and find them to be without merit.
Rose, J.P, Spain, Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.

. We also note that defendants demonstrated that a revised list of delinquent taxes containing the name of Thomas Lin was duly filed in the County Clerk’s office.

. Buck also alleged that she “caused the mailing by delivering the mail referred to herein above[ ] to the County of Sullivan Department of Central Services for delivery to the United States Postal Service.” The affidavit of Bradley established that, on November 23, 2010, he mailed the petition and notice, by first class and certified mail, “to the persons legally required to receive said Notices pursuant to RPTL § 1125” by depositing them in a depository of the United States Postal Service with the required postage.

. While their counsel points to documents indicating that Thomas Lin’s mailing address is the same as Nancy Lin’s but does not contain an apartment number, as Nancy Lin’s address does, plaintiffs offer no evidence regarding their living arrangements or other circumstances that would support the claim that one or both of them did not receive notice of the tax foreclosure proceeding and, notably, the record does not contain any sworn statement from Nancy Lin denying her actual receipt of the petition and notice of foreclosure.