■ In the Matter of the Foreclosure of Tax Liens by COUNTY OF OTSEGO, Respondent. ROBERT OPALECKY, Appellant. [959 NYS2d 769]—

McCarthy, J. Appeal from a corrected judgment of the County Court of Otsego County (Burns, J.), entered October 13, 2011, which, in a proceeding pursuant to RPTL article 11, among other things, granted petitioner's cross motion for a default judgment of foreclosure.

Petitioner commenced this tax foreclosure proceeding against numerous property owners, including respondent. In June 2010,

---

**3.** The agreement between the County and Malcolm Pirnie does not appear in the record.

County Court granted petitioner's motion for a default judgment against respondent and entered a final judgment of foreclosure. Respondent unsuccessfully sought to stay the tax sale in August 2011. Respondent later moved to vacate the default judgment, seeking to nullify the conveyance of the property to petitioner and the subsequent tax sale. Petitioner cross-moved to correct the June 2010 judgment. The court denied respondent's motion and granted petitioner's cross motion. Respondent appeals from the corrected judgment.

County Court properly denied respondent's motion to vacate the default judgment. Such a motion in a tax foreclosure proceeding "may not be brought later than one month after entry of the judgment" (RPTL 1131). Respondent first sought to vacate the judgment in August 2011, more than a year after it was entered, rendering his motion untimely. Additionally, he does not deny that he was delinquent in paying his taxes, he has abandoned any argument that he was not properly given notice of the foreclosure proceeding, and the record contains evidence that petitioner provided proper notice (*see* RPTL 1125). Thus, in addition to being untimely, respondent has failed to establish a reasonable excuse for his default or a meritorious defense (*see Matter of County of Sullivan [Yong Tuk Yun]*, 82 AD3d 1560, 1561 [2011]).

Respondent contends that the time limit is inapplicable because the judgment was defective. A presumption of validity attaches to tax foreclosure proceedings, and the property owner bears the burden of affirmatively establishing any defense alleging a jurisdictional defect or invalidity in the tax or proceeding (*see* RPTL 1134; *Matter of Village of Fleischmanns [Delaware Natl. Bank of Delhi]*, 77 AD3d 1146, 1147 [2010]). Here, the list of properties foreclosed upon was inadvertently attached to County Court's order, rather than the judgment that was signed the same day and filed simultaneously (*see* RPTL 1136).* This clerical error did not constitute a jurisdictional defect and had no effect on respondent's notice of the proceeding (*see Poughkeepsie Sav. Bank, FSB v Maplewood Land Dev. Co.*, 210 AD2d 606, 608-609 [1994]). Respondent's remaining contentions are similarly unavailing. Therefore, the court did not err in granting petitioner's cross motion to correct the judgment by attach-

---

* County Court noted that on the return date regarding the original judgment of foreclosure, petitioner handed the court a proposed order, judgment and updated list of properties subject to foreclosure. While acknowledging that the list is attached to the order rather than the judgment, the court was unclear as to whether the list was incorrectly attached at the time of the court appearance or whether this mistake occurred "subsequently when the documents were scanned into the court's electronic record keeping system."

ing the list to it (*see* CPLR 2001, 5019 [a]; *Matter of Glazier v Brightly*, 81 AD3d 1197, 1199 [2011]).

Mercure, J.P., Spain and Stein, JJ., concur. Ordered that the corrected judgment is affirmed, without costs.