Stein, J.
Appeal from an order of the County Court of Sullivan County (McGuire, J.), entered June 14, 2012, which, in a proceeding pursuant to RPTL article 11, among other things, denied respondent’s motion to vacate a default judgment entered against him.
In 2002, respondent and Miroslaw Krulasik purchased property consisting of 11 building lots in Sullivan County. The bargain and sale deed that was recorded listed an address in Bayonne, New Jersey for Krulasik and an address in New York City for respondent. The County tax roll listed both respondent and Krulasik at the Bayonne address and the County annually mailed property tax bills to that address. Krulasik paid the property taxes and respondent reimbursed him. However, respondent claims that Krulasik moved out of the country in 2009 or 2010, and that respondent thereafter paid Krulasik’s wife an unspecified amount of money to purchase his interest in the property. Despite these events, respondent never notified the County of the transfer, nor did he provide the County with an alternate address for the tax roll or to which the tax bills should be sent.
In 2010, the property appeared on the County’s list of delinquent taxes. The County subsequently commenced this in rem tax foreclosure proceeding pursuant to RPTL article 11 and mailed notice of the proceeding by certified and ordinary mail to respondent and Krulasik at the Bayonne address. While the certified mail was returned as unclaimed, the notice sent by ordinary mail was not returned. Additionally, the County similarly mailed notices to respondent at the New York City address listed on the deed; both the certified and regular mailings were returned. When neither respondent nor Krulasik appeared in the tax foreclosure proceeding, County Court granted the County’s motion for a default judgment of foreclosure and such judgment was duly entered. Two months later, respondent moved by order to show cause for an order vacating the default judgment, claiming that he did not receive notice of the foreclo *1171 sure proceeding. Upon County Court’s denial of the motion, this appeal ensued.[1]
We affirm. Initially, we note that, inasmuch as respondent moved to vacate the default judgment more than one month after such judgment was entered, respondent’s motion was untimely (see RPTL 1131; Matter of County of Schuyler [Solomon Fin. Ctr., Inc.], 83 AD3d 1243, 1244-1245 [2011], lv dismissed 17 NY3d 850 [2011]; Matter of County of Sullivan [Yong Tuk Yun], 82 AD3d 1560, 1561 [2011]; Matter of County of Sullivan [Fay], 79 AD3d 1409, 1410 [2010], lv dismissed 17 NY3d 787 [2011]). In addition, County Court properly concluded that the County complied with RPTL 1124 and 1125 and that such compliance provided respondent with due process (see Matter of County of Sullivan [Spring Lake Retreat Ctr., Inc.], 39 AD3d 1095, 1096 [2007]; Matter of Foreclosure of Tax Liens by County of Clinton [Tupaz], 17 AD3d 914, 915 [2005]; see also Matter of County of Ontario [Helser], 72 AD3d 1636, 1637 [2010]).
Tax foreclosure proceedings enjoy a presumption of regularity, such that “[t]he tax debtor has the burden of affirmatively establishing a jurisdictional defect or invalidity in [such] proceedings” (Kennedy v Mossafa, 100 NY2d 1, 8 [2003]; see Lin v County of Sullivan, 100 AD3d 1076, 1077 [2012]). In a tax foreclosure proceeding, each property owner is entitled to personal notice of the proceeding (see RPTL 1125 [1] [a]), which “shall be sent to each . . . party both by certified mail and ordinary first class mail” (RPTL 1125 [1] [b] [i]). Such “notice shall be deemed received unless both the certified mailing and the ordinary first class mailing are returned by the United States postal service within forty-five days after being mailed” (id.; see Lin v County of Sullivan, 100 AD3d at 1078). Here, while the notice sent by certified mail to the Bayonne address was returned, there is no question that the notice sent by ordinary first class mail to respondent and Krulasik at that address was not returned. Therefore, such notice was deemed received by respondent (see RPTL 1125 [1] [b] [i]; compare Mac Naughton v Warren County, 20 NY3d 252, 258 [2012]).
We are not persuaded by respondent’s argument that, because the County also mailed notice to him at the New York City address listed in the deed and such notice was returned, the County was statutorily obligated to take additional steps, such as conducting an alternative address search with the post office (see RPTL 1125 [1] [b] [i]) and posting notice on the property (see RPTL 1125 [1] [b] [iii]). Ira Cohen, the County Treasurer, *1172 avers that the County mailed the petition and notice of foreclosure to respondent’s last known address as stated on the public record—the tax roll (see RPTL 1125 [1] [e]). In addition, the County published the petition and notice of foreclosure in two newspapers in the tax district, as required by RPTL 1124 (1), and posted notice of the foreclosure in the County Treasurer’s Office, Government Center and Courthouse, and five separate post offices in the County (see RPTL 1124 [4]). Respondent does not assert that he notified the County of a new address to which the tax bills should be sent, or otherwise put the County on notice that his address had changed, as he was obligated to do (see RPTL 1125 [1] [d]). Under these circumstances, the County fulfilled its statutory duty by mailing the required notice addressed to both owners at the address listed on the tax roll (see Lin v County of Sullivan, 100 AD3d at 1078).[2] Inasmuch as the additional mailings made by the County to respondent at the New York City address were not required by statute, no further steps became necessary when those mailings were returned.
We are also satisfied that respondent was provided with due process, which requires “ ‘notice reasonably calculated, under all the circumstances, to apprise [him] of the pendency of the [proceeding] and afford [him] an opportunity to present [his] objections’ ” (Matter of County of Clinton [Bouchard], 29 AD3d 79, 82 [2006], quoting Mullane v Central Hanover Bank & Trust Co., 339 US 306, 314 [1950]). In this regard, as an owner of the property, respondent bore the responsibility “of updating his address to protect his ownership interests [and] [h]is failure to fulfill this duty does not render the County’s procedures constitutionally infirm as it attempted personal notice through both certified and first class mailings, fully complying with RPTL 1125 (1) (a), and published and posted public notices” (Matter of Harner v County of Tioga, 5 NY3d 136, 141 [2005]). Therefore, we agree with County Court’s conclusion that respondent was not deprived of due process (see Jones v Flowers, 547 US 220 [2006]; Matter of Harner v County of Tioga, 5 NY3d at 140; Kennedy v Mossafa, 100 NY2d at 10).
To the extent not specifically addressed herein, we have reviewed respondent’s remaining contentions and find them to be without merit.
Peters, PJ., Lahtinen and Spain, JJ., concur.
Ordered that the order is affirmed, without costs.

. In June 2012, this Court granted respondent’s motion for a stay pending appeal.

. Respondent’s reliance upon Masick v City of Schenectady (164 AD2d 488 [1991]) is misplaced, as that case was decided under a former version of RPTL 1125 and before Jones v Flowers (547 US 220 [2006]) and Kennedy v Mossafa (100 NY2d 1 [2003]) were decided.