■ In the Matter the Foreclosure of Tax Liens by COUNTY OF SULLIVAN, Respondent; PAUL A. DUNNE, Appellant; TOWN OF BETHEL, Respondent. [976 NYS2d 295]—

---

Egan Jr., J. Appeals (1) from an order of the County Court of Sullivan County (McGuire, J.), entered June 20, 2012, which, in a proceeding pursuant to RPTL article 11, among other things, denied respondent's motion to vacate a default judgment entered against him, and (2) from the judgment entered thereon.

In August 2003, respondent inherited a parcel of land improved by a residence located on West Starlight Drive in the Town of Bethel, Sullivan County. The parcel in question had been in respondent's family for a number of years, and it appears that respondent utilized the property as a part-time residence or vacation home. At the time that respondent acquired title to the Sullivan County property, his primary residence and address of record—as reflected on the underlying deed—was 107 8th Avenue in the community of Holtsville, Town of Brookhaven, Suffolk County. Between 2003 and 2009, property tax notices for the Sullivan County property were sent to respondent's 8th Avenue address in Suffolk County, and either respondent or other members of his family paid the taxes due.

In September 2008, respondent sold his 8th Avenue residence and thereafter maintained a post office box in Holtsville until October 2010, at which time he purchased another residence in that community. In November 2010, petitioner filed a list of properties with delinquent taxes, which included respondent's Sullivan County parcel. After the 2010 and 2011 taxes for this parcel went unpaid, petitioner—in October 2011—mailed notices of the pending foreclosure proceeding to the 8th Avenue address, as well as to what it believed to be respondent's post office box in Holtsville. Due to an apparent transcription error in the Town of Bethel's tax records, however, the notices were mailed to post office box No. 295 instead of post office box No. 285—the latter of which was registered to respondent until October 2010. In February 2012, petitioner obtained a default judgment against respondent in the foreclosure proceeding.

Thereafter, in June 2012, respondent moved before Supreme Court (LaBuda, J.) by order to show cause seeking, among other things, to forestall the impending sale of his property. In conjunction therewith, respondent also commenced an action in Supreme Court against, among others, petitioner and the Town of Bethel seeking to redeem his property or, in the alternative, money damages for the alleged transcription error on the Town's tax roll. Petitioner opposed the requested relief and, at

their subsequent appearance before County Court, the parties apparently elected to treat respondent's order to show cause as a motion to vacate the default judgment obtained in the RPTL article 11 proceeding. County Court denied respondent's application as untimely, finding that respondent was provided with proper notice of the foreclosure proceeding, and vacated the temporary restraining order issued by Supreme Court, thereby allowing the property to proceed to auction. These appeals by respondent ensued.

We affirm. Respondent's motion to vacate was untimely as it was brought more than one month after entry of the judgment of foreclosure (see RPTL 1131; Matter of County of Otsego [Opalecky], 103 AD3d 1020, 1021 [2013]; Matter of County of Sullivan [Yong Tuk Yun], 82 AD3d 1560, 1561 [2011]). Notably, "the statute of limitations set forth in RPTL 1131 applies even where, as here, the property owner asserts that he or she was not notified of the foreclosure proceeding" (Matter of County of Herkimer [Moore], 104 AD3d 1332, 1333 [2013]; see Matter of County of Clinton [Bouchard], 29 AD3d 79, 82 [2006]). Accordingly, County Court properly denied respondent's application upon this ground.

Moreover, contrary to respondent's assertion, the record reflects that petitioner complied with the notice requirements of RPTL 1125. Specifically, the record demonstrates that petitioner mailed the required notice—"both by certified mail and ordinary first class mail" (RPTL 1125 [1] [b] [i])—to respondent at his 8th Avenue address, which was listed as his address of record on the deed and the 2009 and 2010 tax bills for the property, as well as to post office box No. 295, which was the address listed for respondent on the Town's 2011 tax roll. Both the certified and first class mailings to the post office box were returned. As to the 8th Avenue address, the certified mailing was returned as "UNCLAIMED UNABLE TO FORWARD,"* but the first class mailing sent to respondent at that address was not returned. "[N]otice shall be deemed received unless both the certified mailing and the ordinary first class mailing are returned by the United States postal service within [45] days after being mailed," and the foreclosing agent is required to seek an alternative mailing address for the property owner

---

\* "[U]nlike mail returned as 'undeliverable,' when [this] mail was returned to petitioner as 'unclaimed,' which did not connote an invalid address, petitioner could have reasonably believed that respondent was attempting to avoid notice by ignoring the certified mailings" (Matter of County of Clinton [Bouchard], 29 AD3d at 83; see Matter of Harner v County of Tioga, 5 NY3d 136, 140-141 [2005]).

only when both such notices are returned (RPTL 1125 [1] [b] [i] [emphasis added]; *see Matter of County of Herkimer [Moore]*, 104 AD3d at 1333-1334). Accordingly, inasmuch as the notice sent by first class mail to respondent at the 8th Avenue address was not returned, such notice was deemed received (*see Matter of County of Sullivan [Matejkowski]*, 105 AD3d 1170, 1171 [2013], *appeal dismissed* 21 NY3d 1062 [2013]; *Lin v County of Sullivan*, 100 AD3d 1076, 1078-1079 [2012]), and "petitioner was not obligated to take additional steps to notify respondent of the foreclosure proceeding[ ]" (*Matter of County of Herkimer [Moore]*, 104 AD3d at 1334).

We also are satisfied that respondent was afforded due process. Significantly, "[d]ue process does not require actual notice by the property owner, only reasonable efforts to provide notice under the circumstances" (*Matter of County of Schuyler [Solomon Fin. Ctr., Inc.]*, 83 AD3d 1243, 1246 [2011], *lv dismissed* 17 NY3d 850 [2011] [internal quotation marks and citation omitted]; *see Matter of County of Sullivan [Matejkowski]*, 105 AD3d at 1172; *Matter of County of Clinton [Bouchard]*, 29 AD3d at 82-83), and petitioner discharged its obligations in this regard by fulfilling the requirements of RPTL 1125 (*see Matter of Harner v County of Tioga*, 5 NY3d 136, 141 [2005]; *Matter of County of Sullivan [Spring Lake Retreat Ctr., Inc.]*, 39 AD3d 1095, 1096 [2007]). Finally, we note that "[o]wnership carries responsibilities" (*Kennedy v Mossafa*, 100 NY2d 1, 11 [2003]), which includes an obligation to apprise the tax enforcing officer of a change in address (*see* RPTL 1125 [1] [d]; *Matter of County of Herkimer [Moore]*, 104 AD3d at 1334; *Matter of County of Sullivan [Spring Lake Retreat Ctr., Inc.]*, 39 AD3d at 1096). There is nothing in the record to suggest that respondent fulfilled that obligation here. Simply put, "respondent was responsible for protecting his ownership interests and chargeable with notice that failure to pay his taxes could result in foreclosure" (*Matter of County of Sullivan [Yong Tuk Yun]*, 82 AD3d at 1562; *see Harner v County of Tioga*, 5 NY3d at 141; *Matter of County of Sullivan [Matejkowski]*, 105 AD3d at 1172). Accordingly, we discern no basis upon which to disturb County Court's resolution of this matter. Respondent's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Lahtinen, J.P., McCarthy and Spain, JJ., concur. Ordered that the order and judgment are affirmed, without costs.